FIORE G. LONARDO *vs.* HAROLD V. LANGLOIS.

NOVEMBER 30, 1964.

PRESENT: Roberts, Paolino, Powers and Joslin, JJ.

494

POWERS, J. This application for a writ of habeas corpus was prosecuted, pro se, by an inmate of the adult correctional institutions, hereafter referred to as the petitioner. It alleges, inter alia, that the petitioner, sentenced to a three-year term on his plea of nolo contendere, was denied his constitutional right to trial by jury and that the sentencing superior court justice was, in effect, without jurisdiction by reason of prejudice. The petitioner prays that the sentence be quashed, a trial by jury be ordered, and that he be admitted to bail pending such trial.

We issued the writ and respondent's return admitted custody of petitioner but denied that it was unlawful. He attached a copy of the mittimus on the authority of which petitioner was committed and further denied every allegation attacking the validity of petitioner's detention.

On October 5, 1964 the cause came on to be heard and petitioner appeared in this court. Although he initiated his application without the assistance of counsel, he was accompanied by a member of the public defender's office who informed us that petitioner wished to speak in his own behalf. We permitted him to argue his cause by way of explaining and supplementing the allegations contained in his application, but his statements were not made under

oath. Nor was any transcript compiled for the reason that this court does not have the facilities to do so.

From the application, his oral assertions, and the records which we requested the superior court to furnish, it appears that petitioner was indicted for receiving stolen money. On July 2, 1962 when arraigned to answer the indictment he pleaded not guilty and was admitted to bail. On September 25, 1962, he withdrew his plea of not guilty and was permitted to plead nolo contendere. Pending receipt of a presentence report, petitioner remained at liberty on bail.

On November 23, 1962, he appeared before a different superior court justice who, after hearing counsel for both parties, sentenced the accused to three years in the adult correctional institutions. It is to be noted that petitioner was represented by private counsel on each of his three appearances. The record of the proceedings in the superior court on November 23 discloses only that the justice heard counsel for each party and then based his sentence on the contents of the presentence report.

In his written and oral allegations and supplementary statements, petitioner asserts that he was under the impression that a plea of nolo contendere did not preclude his right to trial by jury; that he was not advised to the contrary by his counsel or either of the two superior court justices participating; that the sentencing justice had presided in a civil matter in which petitioner was involved; that in connection with those proceedings he had telephoned to said justice charging prejudice, thereby incurring hostility; that said hostility, ipso facto, disqualified said justice in the later criminal proceedings; and that upon sentence being pronounced, petitioner and his counsel immediately and very audibly claimed an appeal or the right to be tried before a jury.

The petitioner's contentions are to the effect that if, as he now understands, his plea of nolo contendere constituted

a waiver of his right to trial by jury, his action was not the intelligent and intentional abandonment of a known right as stated in *Johnson* v. *Zerbst,* 304 U. S. 458.

Further, petitioner contends, that in the light of previous circumstances which had engendered a hostile attitude the sentencing justice should have disqualified himself but, not doing so initially, must certainly have been alerted to petitioner's plight by his claim of appeal.

The petitioner makes certain other allegations which are patently without merit and, although considered, require no discussion.

The respondent contends that the writ heretofore issued should be quashed, since petitioner in making application therefor failed to comply with the provisions of G. L. 1956, §10-9-3, in several material respects. He argues specifically that the application was not accompanied by a copy of the mittimus, or, in lieu thereof, a statement in his application that either demand therefor was refused or for some reason could not be obtained. Nor, he points out, were the facts alleged verified under oath, and further that habeas corpus is not the proper remedy when the relief sought is other than petitioner's liberty.

In support of the contention that the instant application for the writ was defective in that it fails to comply with statutory requirements, respondent cites *Ex parte Antoscia,* R. I., 94 Atl. 871. An examination of that case, however, clearly discloses that, in the specific circumstances therein present, this court, acting within its discretion, was disinclined toward relaxing the statutory requirements. It does not stand for the proposition that strict compliance with such provisions is binding on this court. See also *Petition of Bonn,* 17 R. I. 572, where despite noncompliance with the statute this court did hear the petitioner on the merits of the cause.

Here also, although cautioning that our decision in this

instance should not be regarded as encouraging nonconformance, we are disposed to be lenient.

It is also respondent's contention that the writ should be quashed for the reason that habeas corpus is not the appropriate remedy, citing *Asadoorian, for Writ of Habeas Corpus,* 48 R. I. 50. We acknowledged the correctness of the conclusion on the facts of that case, but the decision therein is not compelling on the facts of the instant cause. The issue at hand relates to procedure and in such a case this court has occasionally exercised its broad revisory powers. *In re Lanni,* 47 R. I. 158, affords such an example. There, Lanni was permitted to retract a plea of not guilty and plead nolo contendere. The case was continued for sentence and, when arraigned thereafter, defendant moved to withdraw his nolo plea and again plead not guilty This motion was denied and thereupon, before the imposition of sentence, Lanni excepted thereto.

The cause came before this court on companion writs of mandamus and habeas corpus. Mandamus, which sought to order the superior court justice to allow defendant's bill of exceptions, was denied on the ground that a bill of exceptions did not lie. The court did agree, however, to hear Lanni on an amended petition for habeas corpus.

This court stated at page 162: "There is no prerogative writ at common law which in its regular accepted form and according to the accepted practice under it is exactly appropriate to bring the respondent's objection before us. We will not refer him to any other extraordinary writ or process for relief. His petition for a writ of habeas corpus now pending furnishes an expeditious and convenient proceeding in which the respondent's objection may be considered." See also *Hyde* v. *Superior Court,* 28 R. I. 204.

Nor are we unmindful of our regard for orderly procedure in habeas corpus proceedings as recently expressed in *Kimball* v. *Pelosi,* 96 R. I. 429, 192 A.2d 267, and to which

respondent also calls our attention. We reiterate such regard but, consistent with our obligation under the constitutions of this state and of the United States to preserve and secure the right of every person to due process, we must, out of an abundance of caution, look to substance rather than form.

Moreover, one cannot realistically read the more recent decisions of the United States Supreme Court without concluding that, even though petitioner might well have more properly used some other means to obtain it, relief will not be denied solely on the ground that habeas corpus was not the appropriate remedy, particularly when application was made without the aid of counsel. See *Johnson* v. *Zerbst,* 304 U. S. 458; *Townsend* v. *Sain,* 372 U. S. 293; *Gideon* v. *Wainwright,* 372 U. S. 335.

Even so, however, respondent vigorously contends that the alleged abuses which are the bases of petitioner's appeal for relief, considered in the light most favorable to him, are patently insufficient in law to warrant the relief sought. He argues that as to petitioner's alleged unlawful deprivation of a jury trial by reason of his unknowingly waiving the same, the facts as disclosed by the record do not support petitioner. He makes basically the same argument with relation to petitioner's further allegation of prejudice on the part of the sentencing justice.

This argument, however, acknowledges that a factual situation exists, hence calling for factual determinations. It is clear from a reading of federal cases previously cited and others that whenever the allegations, if true, would entitle the petitioner to relief the federal court will review factual determinations as disclosed by the record in the state proceedings or make an independent determination thereof if such record discloses none to have been made by the state tribunal. *Townsend* v. *Sain, supra.* Moreover, it seems quite clear that the federal courts, in acting upon a

state prisoner's application to them for factual determination, will do so with due deference to the determination made by the state when the record discloses that a determination of the relevant facts was made by the state at some stage of the proceedings. It seems equally clear that a record which discloses no such determination would indicate an abuse of procedural due process. That due process within the meaning of federal construction has been made applicable to the states by the fourteenth article of amendments to the United States constitution is so well understood as to require no citation of authorities.

This brings us then to the question of whether petitioner's allegations of fact, if true, amount to a deprivation of constitutional guarantees. No case dispositive of this issue has been called to our attention and we have found none. There seems little reason to doubt, however, that the instant petitioner's allegations as to the denial of due process would constitute grounds for relief, given an appropriate set of facts. We deem it advisable, therefore, but solely for the purpose of warranting an evidentiary hearing, to assume petitioner's allegations make out a prima facie case.

As previously stated in this opinion and indicated on other occasions, this court is so set up as to be at a disadvantage, applicable to litigants as well as to us, whenever the taking of testimony is an integral part of the proceedings. With the adoption of the Court and Practice Act in 1905, the general assembly conferred concurrent jurisdiction in the supreme and superior courts in applications for writs of habeas corpus. Prior to the adoption of article XII of amendments to the state constitution in 1903 and the enactment of the Court and Practice Act thereafter, the supreme court functioned in two divisions, namely, for appellate review and as a court of common pleas. Since jurisdiction to issue the writ was vested in each of the

·justices when the court was not in session prior to the enactment of the Court and Practice Act, it is understandable that with the creation of the superior court and the resulting diminution of membership in the supreme court, the general assembly desired to give prospective applicants as full an opportunity to prosecute their writs as had previously been the case. We think it not unlikely also that whenever, as in the instant cause, an evidentiary hearing would be required, the general assembly intended recourse should be had to the superior court. Be that as it may, such recourse is highly desirable and should be pursued as approved procedure.

In the view we take of petitioner's first contention, namely, that he did not intelligently and intentionally waive his right to trial by jury, there is no occasion to refer him to the superior court since this court can reach a decision on the basis of the record before us.

It appears therefrom that petitioner was at all times represented by counsel in what the presentence report discloses was not petitioner's first brush with the law. On five previous occasions, including two in jurisdictions other than Rhode Island, he was officially charged with various offenses. In his argument, petitioner exhibited alertness, intelligence and was exceptionally articulate.

Mr. Justice Black, commenting on the standards to be applied in determining whether there has been an intelligent waiver of right to counsel, stated in *Johnson* v. *Zerbst*, *supra*, at page 464, that such determination must be made on the circumstances of the case under consideration, taking into consideration "the background, experience, and conduct of the accused." Such a test, in our judgment, is applicable with regard to the instant petitioner and so applied leads us to the conclusion that his protestations are inherently improbable. We hold therefore that his request to change his plea from not guilty to nolo contendere was

a calculated risk, the possible consequences of which were fully appreciated by him.

More troublesome, however, is the problem presented by petitioner's second contention. The proper and normally to be expected procedure would have been to have moved that the justice before whom he was arraigned disqualify himself for reasons, if petitioner's assertions are true, as obvious to the justice as to petitioner. That no such motion was made, none appears in the record of the proceedings and petitioner does not claim otherwise, would ordinarily be fatal. However, there are here a series of circumstances which, taken together, lift petitioner's position out of the ranks of the ordinary.

He claims that he had a previous conversation with the sentencing justice which, by its nature, was so unique and unusual that it should have prompted said justice to disqualify himself, and that immediately after sentence was pronounced he and his counsel, so audibly as to be heard by the justice and clerk, demanded an appeal or a trial by jury.

Although we have already held that his claim not to be familiar with the plea of nolo contendere and the effect thereof to be inherently improbable, such could not have been known to the sentencing justice. It might be argued that since petitioner appeared with and was represented by counsel, said justice could properly assume that the accused had been instructed. The fact is, however, that the record indicates that neither the justice who accepted the plea of nolo contendere nor the sentencing justice made any inquiry of petitioner as to whether he actually was aware of the position in which he was placed by reason of his plea. Parenthetically we deem it advisable to observe that whether an accused is represented by counsel or not, concern for his rights in every instance commands inquiry by the justice who accepts such a plea and, if sentence is

subsequently imposed by a different justice, inquiry should be made at that time.

In the instant cause, the record indicates that inquiry was not made at either time. In such circumstances we believe that, if petitioner's claims as herein set out are true, the sentencing justice should have either disqualified himself initially or, upon petitioner's demand, permitted him to withdraw his plea.

Whether the conversation to which he refers took place and/or whether demand for a jury trial was made as alleged are questions of fact which require an evidentiary hearing. The truth of the former lies between the petitioner and the sentencing justice and as to the latter within the recollections of those privy to the proceedings.

Consistent with what has already been said, we hold that the evidentiary hearing required can best be conducted in the superior court, to which tribunal the petitioner is referred.

For the reasons stated, the application for habeas corpus is denied and dismissed, the writ heretofore issued is quashed, the records furnished by the superior court at our request are ordered returned, and the petitioner is remanded to the custody of the respondent.

*Fiore G. Lonardo* pro se, petitioner.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for respondent.