212 A.2d 715.
RONALD HARRIS *vs.* HAROLD V. LANGLOIS, *Warden.*

AUGUST 19, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

JOSLIN, J. This is a petition for habeas corpus brought by Ronald Harris to determine the validity of his detention by the respondent, a detention previously challenged for different reasons. See *Harris* v. *Langlois,* 98 R. I. 387, 202 A.2d 288. The petitioner is in custody pursuant to an order of a justice of the superior court entered on February 18, 1963 committing him to the adult correctional institutions to serve a ten-year sentence for violation of a deferred sentence agreement entered into on November 23, 1955 following a plea of nolo contendere to an indictment charging him with the crime of rape. Although he was in court and before the bar, the plea of nolo contendere was entered on his behalf by counsel who at least implicitly by that action withdrew a former plea of not guilty to the same indictment. We issued the writ and thereafter by leave of court the case was submitted on briefs without oral argument.

Attached to the petition was a brief which when we issued the writ we considered as though it were a part of the application for relief. Although both petition and brief purport to have been prepared by petitioner, they bear the earmarks of having been drafted by one trained in the law.

Subsequent to the filing of the petition but prior to submission of the case, counsel other than the attorney who represented petitioner in the superior court entered an appearance in his behalf and filed a brief.

The petition is grounded upon allegations that petitioner was not fully apprised of the nature and effect of the plea of nolo contendere and that the failure of the trial justice to inform him thereof prior to reception of the plea deprived him of the constitutional guarantees of due process of law and the equal protection of the laws. In substance he alleges that he was denied his constitutional right to a trial by jury for the reason that he was uninformed as to the consequences of a plea of nolo contendere and was not advised thereof by the justice who accepted the plea.

In two cases decided during the current term of court we considered at length conditions justifying the vacation of a plea of nolo contendere. *Lonardo* v. *Langlois,* 98 R. I. 493, 205 A.2d 19; *Cole* v. *Langlois,* 99 R. I. 138, 206 A.2d 216. We held that at least in serious cases it is incumbent upon a trial justice before accepting such a plea to ascertain from an accused, even if represented by counsel, whether he is aware of the nature and consequences of such a plea, and to advise or admonish him as to those consequences if it appears that he is not otherwise knowledgeable thereof.

Even though no statute or rule of court in this state mandates the inquiry, a proper consideration for the rights of an accused dictates that it be made prior to the reception of the plea. In order to vacate the plea, however, a petitioner has a twofold obligation. First, he must point to a record which fails to disclose that the trial justice performed his duty, and second, he is required to negative a waiver of his right to a jury trial, and this burden he can meet only by establishing by a preponderance of the evidence that he was not otherwise aware and appreciative of the consequences of the plea.

It is clear beyond question, and respondent by implication in his return so concedes, that the stenographic record of the proceedings at which petitioner's plea of nolo contendere was received is barren even of suggestion that the required inquiry was made. Moreover, that record is likewise devoid of any indication that petitioner either through advice from counsel or otherwise was aware of the significance of the plea or its effect upon his right to a trial by jury, and in his petition he alleges in substance that he was not in fact so advised and that he had not become acquainted therewith from other sources. In short, the petitioner claims he was totally unaware of the nature and effect of the plea. His allegations, if true, would entitle him to relief. The respondent, however, in his verified return denies such of petitioner's allegations as relate to the absence of a waiver and he avers on information and belief that the petitioner was fully aware and informed both by counsel and the assistant attorney general of the nature and effect of the plea of nolo contendere and its consequences, that he was advised and knew that he was abandoning his right to a jury trial, and that his relinquishment was voluntary and intelligent.

Because some of the essentials upon which petitioner's entitlement to relief depend are in dispute, a resolution of those factual differences at an evidentiary hearing becomes a necessary precedent to a determination of the ultimate question of whether his constitutional rights have been violated. At any such hearing which, as we pointed out in *Lonardo,* should be held in the superior court to which tribunal petitioner is referred, both parties should be afforded full opportunity to present relevant testimonial and other documentary evidence. If petitioner is there able to meet his burden by establishing that he did not voluntarily, intelligently, and intentionally waive his right to a jury trial, his plea of nolo contendere will be vacated. If the decision of that court be adverse to him, he will not

be foreclosed from again applying to this court for relief, and if that be the eventuality, the petitioner will following any such evidentiary hearing be enabled to present to us a record sufficiently complete to permit a resolution of all factual disputes, differences which on the record now before us cannot be resolved other than by speculation.

For the reasons stated, the petition for habeas corpus is denied and dismissed, the writ heretofore issued is quashed, and the petitioner is remanded to the custody of the respondent.

*William F. Hess, Jr.,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Counsel, for respondent.