215 A.2d 926.

ROBERT NORTHROP *vs.* HAROLD V. LANGLOIS, *Warden.*

JANUARY 13, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

ROBERTS, C. J. This petition for habeas corpus was brought to obtain the petitioner's discharge from the allegedly unlawful custody of the respondent warden. The petitioner has been in the respondent's custody since April 10, 1964, at which time he was sentenced to a term of five years by a justice of the superior court on a plea of nolo contendere to an indictment charging him with larceny. It appears that the petitioner pleaded nolo contendere to Indictment No. 32188 on March 10 and, after the filing of a presentence report, sentence was imposed on April 10.

The petitioner contends now that at the time the plea was entered on his behalf by his counsel he was unaware of the nature and character of the plea and that he had not been informed either by the court or by his counsel as to the consequences thereof and, therefore, the entry of such plea did not constitute a valid waiver of his right to a jury trial. In this contention he relies primarily on the rule laid down by this court in *Cole* v. *Langlois*, 99 R. I. 138, 206 A.2d 216.

We there held that it is the duty of a trial judge, even when a defendant is represented by counsel, to ascertain whether the defendant had been informed sufficiently concerning the nature and consequences of a plea of nolo contendere before accepting such plea. We went on to hold, however, that where the accused had through counsel acquired information that was sufficient to charge him fairly with knowledge of the nature of the plea and its consequences, he would be bound by the plea as entered.

The record in the instant case discloses clearly that the trial justice neither informed petitioner of the nature or consequences of a plea of nolo contendere nor inquired in any manner concerning petitioner's possession of such knowledge. It becomes important then to inquire whether petitioner's knowledge concerning this plea and its consequences was sufficient to warrant a finding that he thereby waived his constitutional right to a jury trial and those things which are incident to it. It is settled that conduct sufficient to

amount to a waiver of a constitutional right must amount to an intentional and intelligent relinquishment of a known right. *Johnson* v. *Zerbst,* 304 U. S. 458, 464.

Attached to respondent's return to the writ is an affidavit executed by a member of the Bar of this state, who therein concedes that he was attorney for petitioner and had represented him in connection with the instant indictment. He avers therein that before the plea of nolo was entered and sentence imposed, he explained to petitioner the meaning of a plea of nolo contendere and the results that could follow its acceptance by the court. The affiant sets out in this affidavit the precise information that he gave petitioner. The pertinent portion of the affidavit reads as follows: "I explained that if he pleaded nolo, he would receive a deferred sentence on one, and a five year sentence on the other. I also explained that if he did not plead nolo, and pleaded not guilty, he would be tried by a jury and if found guilty, could be sentenced up to 10 years, 5 years on each indictment."

It is our opinion that the instruction thus given the petitioner concerning the nature of the plea and the consequences of its being accepted was not sufficient to warrant a finding that in making it he intelligently and voluntarily relinquished his right to a jury trial and to appeal from a verdict of guilty or that such a plea, once entered, subjected him to the immediate imposition of penalties and that it may not be withdrawn other than with permission of the court. The inadequacy of the information given the petitioner is obvious, and in the state of the record here we would be merely speculating were we to inquire whether he could fairly be charged with knowledge as to the full import of the plea derived from some other relevant, pertinent source. It is our conclusion, therefore, that the petitioner did not waive these rights by reason of the entry of the plea of nolo contendere.

The petition for habeas corpus is granted, and the respondent is directed to discharge the petitioner from that

custody in which he is held pursuant to a sentence of five years imposed upon him by the superior court on April 10, 1964, Indictment No. 32188; that this discharge from such custody be on the same recognizance and surety as were provided for his admission to bail on November 1, 1963; and that said petitioner be presented to the superior court forthwith for further proceedings in accordance with this opinion.

*Robert Northrop,* pro se, petitioner.

*J. Joseph Nugent,* Attorney General, *Corinne P. Grande,* Special Assistant, for respondent.