254 A.2d 282.

EVERETT HALL *vs.* HAROLD V. LANGLOIS, *Warden.*

JUNE 10, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

JOSLIN, J. In March of 1948 the petitioner was charged on three complaints with assault and robbery. Upon arraignment in a district court he was adjudged probably guilty and bound over to the superior court where he waived the finding and filing of grand jury indictments against him for those offenses and pleaded nolo contendere

to each complaint. He was sentenced upon each plea to serve a term of 35 years, the sentences to run concurrently. About 20 years later while still serving those sentences he filed this petition for a writ of error coram nobis in which he claims that at the time he pleaded he was unaware of the meaning, intent and purposes of the plea of nolo contendere, lacked any knowledge of the consequences attendant upon it and was ignorant of its significance. He asks that his sentences be vacated and that he be allowed to plead over to each charge. A trial justice in the superior court, without reaching the substance of the petition, denied relief solely on the ground that retroactive application should not be given to our rule which requires a sentence to be vacated and a defendant allowed to replead if at the time of the imposition of sentence upon a plea of nolo contendere or guilty he was not fully apprised of the nature and effect of his plea. The case is now here on the petitioner's exception to that denial.

The state argues initially that the appropriate writ for petitioner's complaint was habeas corpus rather than error coram nobis; alternatively it urges that a decision denying coram nobis is not reviewable, and that if reviewable, it should be by appeal rather than by a bill of exceptions. We do not pass upon either the state's procedural objections, or the retroactivity issue upon which the trial justice relied, but go directly to the merits.

The rule[1] which controls in this state in matters of this

---

[1]Our rule is a product of decisional law and was reached without assistance of either statute or rule of court. Other jurisdictions differ and a federal judge, for example, must look for guidance to Rule 11 of the Federal Rules of Criminal Procedure, which provides in pertinent part: "A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere*. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea."

kind makes it the duty of a trial justice before accepting a plea of nolo contendere to ascertain even from an accused who is represented by counsel whether he is aware of the nature and consequences of such a plea, and if he is not, to advise and admonish him fully concerning those consequences. *Northrop* v *Langlois,* 100 R. I. 349, 215 A.2d 926; *Harris* v. *Langlois,* 100 R. I. 196, 212 A.2d 715; *Cole* v. *Langlois,* 99 R. I. 138, 206 A.2d 216; *Lonardo* v. *Langlois,* 98 R. I. 493, 205 A.2d 19. That a trial justice may not have fully complied with this obligation does not necessarily mean that a defendant's plea must be set aside and another hearing held at which he may plead anew. Before that result obtains, more is required, and in addition to pointing to the record which fails to disclose that the required advice and admonition have been given, a defendant to be entitled to that relief must in addition establish "* * * by a preponderance of the evidence that he was not otherwise aware and appreciative of the consequences of the plea." *Harris* v. *Langlois, supra,* at 198, 212 A.2d at 716.

When we examine the facts in this case to ascertain whether petitioner has brought himself within the rule we find that he did not testify at the coram nobis hearing in the superior court. Instead, his attorney advised the court that if he took the stand he would testify that he had "* * * pleaded without his being advised of the significance of the plea of nolo." That statement, with petitioner's acquiescence as well as with the state's consent, was accepted as a substitute for sworn testimony. That is all the record shows, and upon it and nothing more we must decide whether petitioner's sentences shall be vacated and whether he shall be permitted to replead. Obviously, what we have is scanty and incomplete and falls far short of establishing that he is entitled to relief under the rule. The attorney's statement can, and of course, does establish that the sentencing justice did not advise and admonish

petitioner concerning the nature and consequences of a plea of nolo contendere. It tells us nothing, however, about whether or not that justice was relieved of the obligation of advising and admonishing because he had ascertained upon preliminary inquiry from petitioner that he was already fully aware and cognizant of the effect and significance of such a plea.

And even if the sentencing justice did not inquire, ascertain, advise, or admonish there is still nothing in this record which even remotely suggests that petitioner, either through prior experience with the criminal law or by reason of having been advised by counsel, did not already understand the nature of the charges against him and did not already fully comprehend the consequences of the plea of nolo contendere. Indeed, the silence of the record in this vital area suggests the possibility that petitioner may have been completely aware of what he was doing when he pleaded, for if it were otherwise would he not have taken the stand and testified, for example, that he did not understand the nature of the charges against him or that he did not realize that by pleading nolo contendere he was waiving his right to a jury trial?

In our judgment the record upon which petitioner comes here falls far short of establishing that he did not voluntarily plead nolo contendere and did not fully comprehend and understand the consequences of that plea.

The petitioner in this court, but not in the superior court, argued in addition that he was entitled to, but did not receive, the help of counsel when he waived the finding and filing of indictments and when he pleaded and was sentenced. There can, of course, be no serious question that the assistance of counsel is a constitutional right of an indigent accused who finds himself in circumstances like those which petitioner faced at the time he was sentenced. The acceptance of that basic and fundamental principle

does not mean, however, that petitioner was denied his just entitlement. That is a factual matter.

When we look to the record, however, we find it silent even on the threshold question of whether or not petitioner was in fact represented by counsel when he was sentenced. True, the transcript of the sentencing proceedings may no longer be available,[2] but petitioner did not produce other records in those cases such as the jacket or the docket entries; nor did he in oral argument suggest that they were unavailable or give any other reason why they were not produced. These would surely have given us some information, and even if they were unavailable, petitioner on this issue, just as on the plea-of-nolo issue, could have testified at the hearing on coram nobis, and if he had, he could have filled the gaps. For reasons unknown to us, however, he chose not to testify, and in argument before us he offered no explanation for his failure. We have, therefore, a record which in no way even remotely suggests whether or not petitioner at the time of sentencing was indigent, or whether if indigent and without counsel he was advised of his right to have the assistance of counsel, or whether he was denied the help of counsel. It is, of course, possible that petitioner by reason of his indigence was entitled to have counsel appointed for him and that such assistance was denied or was not offered, but for us to find such a violation of his constitutional rights on a record so completely bereft of any suggestion whatsover touching on the question would be to engage in rank speculation and conjecture, and this we will not do.

The petitioner's exception is denied and dismissed.

---

[2]General Laws 1956, §8-5-4, does not require the preservation of stenographic transcripts and notes beyond the period of 12 years.

*James Cardono*, Public Defender, *William F. Reilly*, Assistant to the Public Defender, for petitioner.

*Herbert F. DeSimone*, Attorney General, *Donald P. Ryan*, Assistant Attorney General, for respondent.