276 A.2d 768.

Everett Hall *vs.* Harold V. Langlois, *Warden.*

APRIL 26, 1971.

Present: Roberts, C. J., Paolino, Joslin and Kelleher, JJ.

PAOLINO, J. In Hall v. *Langlois*, 105 R. I. 642, 254 A.2d 282, we held that this petitioner had failed to establish that he did not voluntarily plead nolo contendere at his original trial in the Superior Court. We also found that the petitioner failed to produce any evidence tending to prove that he had not received assistance of counsel when he waived the finding and filing of indictments and when he pleaded nolo contendere and was sentenced. That case was before us on the petitioner's exception to the denial of his petition for writ of error coram nobis. The petitioner did not take the stand in the hearing of that petition in the Superior Court.

After the decision in *Hall* v. *Langlois, supra,* was filed, petitioner, with the consent of the state, was granted a rehearing by the Superior Court on the original petition for writ of error coram nobis. At the rehearing he took the stand in support of his claim that he was not represented by counsel at any time from his arrest to the time that he was sentenced; that he did not understand the consequences of a waiver of indictment; and that he did not understand the consequences of a nolo plea. After the hearing, the trial justice denied and dismissed petitioner's petition. The case is before us now on petitioner's exception to that denial.

The petitioner's testimony, in substance, is as follows. On March 9, 1948, when he was 33 years of age, he was arrested in California and was in police custody from then until sentenced on March 24, 1948. He did not confer with, nor was he represented by counsel, at any time during that period. He admitted he never asked for counsel

and denied that the services of the public defender were offered to him. He said no one was appointed to represent him. He stated that a captain of detectives in the Providence Police Department forced him to sign the waiver of indictments by making certain threats; that the captain did not advise him of his constitutional rights in relation to such waiver; and that no one advised him about the nature and consequences of a plea of nolo, or the significance of signing a petition for a waiver of the indictments. He said he asked an officer at the prison for a waiver form and that he signed it at the prison in the presence of the officer.

He testified about his employment and earnings prior to the date of one of the robberies with which he was charged and said he had about $232 or $240 of his money in his possession when he was arrested. He never told the sentencing judge that he was indigent and could not afford the services of an attorney. He admitted he wrote a letter to the then Attorney General requesting to " * * * go before a Judge at the earliest possible time and plead guilty to the charge of robbery and take sentence," but said in effect that he did this because of the pressure that was brought on him. He attended seven grades of school and said he could read and write.

John A. Lepore, an assistant clerk of the Superior Court, appeared as a witness at the request of petitioner and the Attorney General. He testified about certain records pertaining to the three cases against petitioner and explained the practice of noting in pencil on an indictment whether an attorney represents a defendant when he appears at arraignment. He said that there was no reference on the papers which he had before him to an attorney representing petitioner when he pleaded to these charges. However, he also said that there were other papers in this case which were not then available. He had no recollection from the

handling of the other papers in the case as to whether any notation of an attorney's name appeared on those papers. He said that the petition to waive indictments would be with those papers. The hearing was continued two weeks in order to give the parties an opportunity to locate the other papers.

At the resumption of the hearing the trial justice was informed that the other papers, which included the original complaints and warrants, and the petition to waive indictments, had been located. The state then presented a witness to establish that on March 24, 1948, the late John McGrane was an assistant to the then public defender. The state also presented as a witness the captain of detectives, whom petitioner had charged with forcing him to sign the petition for waiver of indictments. This witness denied petitioner's claim. He testified that he would not know whether petitioner was represented by counsel on March 24, 1948, but that as far as he could remember petitioner was not represented by counsel at the police station or in the District Court. In reply to a question inquiring whether in 1948 the police were advising defendants of their right to counsel, the witness said that as far as he was concerned, petitioner was not so advised.

The state's final witness was Thomas S. Luongo, Jr., an assistant clerk of the Superior Court. He identified the petition for waiver of indictments and the original complaints and warrants. He testified that certain pencil notations appeared on the outer jacket of the papers; that these notations were "Pub. Def." and "Mc G"; and that in his opinion his predecessor had made these notations. He admitted that he could not say whether these notations were made on March 24, 1948, or prior or subsequent thereto, but he said that normally his predecessor would have made them on the day of arraignment.

In his written decision the trial justice reviewed the

applicable law and the pertinent evidence. In discussing petitioner's plea of nolo contendere, he referred to the following statement in *Harris* v. *Langlois*, 100 R. I. 196, 198, 212 A.2d 715, 716:

> "In order to vacate the plea, however, a petitioner has a twofold obligation. First, he must point to a record which fails to disclose that the trial justice performed his duty, and second, he is required to negative a waiver of his right to a jury trial, and this burden he can meet only by establishing by a preponderance of the evidence that he was not otherwise aware and appreciative of the consequences of the plea."

He held that, in the absence of a transcript of the sentencing proceedings, petitioner must be relieved of the burden of showing that the trial justice failed to perform his duty in accordance with the requirements prescribed in *Northrop* v. *Langlois*, 100 R. I. 349, 215 A.2d 926; *Harris* v. *Langlois, supra; Cole* v. *Langlois*, 99 R. I. 138, 206 A.2d 216; *Lonardo* v. *Langlois*, 98 R. I. 493, 205 A.2d 19. As to the second obligation laid down in *Harris*, he found that petitioner had not shown by a fair preponderance of the evidence that he was unaware of the nature and consequences of a plea of nolo contendere.

The trial justice inferred from petitioner's letter to the Attorney General that petitioner's intention, subsequent to waiving examination in the District Court, was to plead guilty and accept sentence. He found that this letter contradicted petitioner's testimony that he expected a jury trial in the three cases. He said that the complaints and warrants in the three cases clearly indicate that although pleas of not guilty were entered in the District Court, petitioner waived examination in all three cases. He concluded that these circumstances tend to indicate that petitioner desired from the time of his arraignment in the District Court to proceed through the legal procedure to sentencing without delay.

He further found from the evidence presented relative to the pencil notations on the jackets that, at the time of petitioner's plea of nolo and sentencing, he was represented by counsel. He also said that he was satisfied that petitioner had not shown by a fair preponderance of the evidence that he was unrepresented at both court appearances. He observed that there was nothing in the record to disclose that petitioner desired or sought counsel at the time of his court appearances; that there had been no showing of indigency; and that the proof would appear to be to the contrary.

With regard to petitioner's claim that he was "forced" to sign the waiver of indictments because of threats made by the captain of detectives, the trial justice said that the captain's denial, together with the inconsistencies in petitioner's testimony, led him to the conclusion that petitioner's claim was without foundation.

On the basis of such findings the trial justice denied and dismissed the petition. The case is before us on petitioner's exception to that denial. The petitioner asks that the sentence be vacated; that he be permitted to withdraw his plea of nolo; and that the petition to waive indictments be set aside.

The only question raised by petitioner relates to the waiver[1] of the finding and filing of indictments by the

---

[1]Public Laws 1942, chap. 1152, sec. 1, now G. L. 1956 (1969 Reenactment) §12-12-19, reads as follows:

"Whenever any person shall have been bound over to the superior court by a district court upon a complaint charging him with any offense. other than murder, which is not within the jurisdiction of said district court to try and determine; such person may, with the leave of the superior court to which he is so bound over, waive the finding and filing of an indictment of a grand jury against him for said offense and with such leave such person may plead guilty, not guilty or nolo contendere and thereafter all proceedings shall be taken and had in the same manner as would have been the case had such pleas been entered to an indictment regularly found and filed."

grand jury. He argues that the failure of the trial justice to advise him of the consequences and significance of his petition to waive the indictments was a denial of due process of law. In support of his position he cites the *Opinion to the Governor,* 62 R. I. 200, 204, 4 A.2d 487, 489, pertaining to article I, secs. 7, 10 and 15[2] of our state constitution:

> "These three sections should be read together as expressly providing certain essential guarantees intended for the protection of one accused of a capital or infamous crime. They provide the basic principles of law and procedure which must be complied with in order to have a valid trial of an accused in such a case."

He argues that when a defendant waives indictment it is the duty of the trial justice to ascertain whether he has been sufficiently informed concerning the nature and effect of the waiver. He argues further that a trial justice should not accept a petition to waive indictment unless he is fully satisfied that defendant's waiver is "an intentional relinquishment or abandonment," *Johnson* v. *Zerbst,* 304 U. S. 458, 464, 58 S. Ct. 1019, 1023, 82 L.Ed. 1461, 1466, of his constitutional right under article I, sec. 7. He urges this court to apply the reasoning in *Cole, Northrop, Hall,* all *supra,* and *Bishop* v. *Langlois,* 106 R. I. 56, 256 A.2d 20, to the case at bar.

As previously stated, this proceeding involves the same petition which was before us in *Hall* v. *Langlois, supra.* In considering petitioner's exception to the denial of relief

---

[2]The pertinent portions of article I, secs. 7, 10 and 15, read as follows:

Art. I, sec. 7. "No person shall be held to answer for a capital or other infamous crime, unless on presentment or indictment by a grand jury * * * ."

Art. I, sec. 10. "In all criminal prosecutions, the accused shall enjoy the right * * * to be informed of the nature and cause of the accusation, to be confronted with the witnesses against him * * *."

in that proceeding, we did not pass upon either the state's procedural objections,[3] or the retroactivity issue upon which the trial justice there relied. We went directly to the merits. *Hall* v. *Langlois, supra,* at 643, 254 A.2d at 283. We shall do likewise here.

As we pointed out in *Hall* v. *Langlois, supra,* at 646, 254 A.2d at 284, the transcript of the sentencing proceedings is no longer available. It was probably destroyed under G. L. 1956, §8-5-4, which does not require the preservation of stenographic transcripts and notes beyond the period of 12 years. In the circumstances, we do not have, and neither did the trial justice, the benefit of the written record of what transpired at the hearing. In *Bishop* v. *Langlois, supra,* at 64, 256 A.2d at 24, we said that trial courts must in the future, when accepting a plea of guilty or nolo contendere, cause the record to show affirmatively that defendant pleaded intelligently and voluntarily or, in other words, that the entry of the plea constituted a voluntary and intelligent waiver of the pertinent constitutional rights.

Because, as is evident by the case at bar, grave issues involving basic constitutional questions may arise many years after pleas are accepted and sentences imposed, we believe that the rule set forth in *Bishop* should be implemented so that the record of proceedings wherein pleas are accepted and sentences imposed may be preserved without limit. With this in mind, we believe that the interests of justice require that henceforth a transcript of proceedings involving the acceptance of pleas in criminal cases and the imposition of sentences be prepared at the expense of the state and placed in the jacket of each case within a

---

[3]Art. I, sec. 15. "The right of trial by jury shall remain inviolate."

In the brief filed by the state in *Hall* v. *Langlois, supra,* the state argued that a bill of exception does not lie to appeal the decision of a lower court as coram nobis. He argued, in substance, that coram nobis is not appealable.

reasonable time after such hearing or hearings. This rule shall become effective thirty days after this decision is filed.

As we have previously stated, the trial justice found that petitioner has not shown by a fair preponderance of the evidence that he was unaware of the nature and consequences of his plea of nolo; that he was unrepresented at both court appearances; that he was indigent, or that he was forced to sign the waiver of indictments. He found that there was no merit to petitioner's claim that he was forced to sign the waiver or to his claim that he expected a trial by jury. He also found from the circumstances surrounding petitioner's waiver of examination in the District Court and from the letter he sent to the Attorney General that petitioner desired from the time of his arraignment in the District Court to proceed to sentencing without delay. After examining the record we are satisfied that these findings, which are not challenged by petitioner, are supported by competent evidence. With respect to his plea of nolo, he has failed to meet the second test laid down in *Harris* v. *Langlois, supra.*

. This brings us to the narrow question raised by petitioner, namely, whether the trial justice who accepted petitioner's nolo pleas was obligated to advise petitioner of the consequences and significance of his petition to waive the indictments before permitting him to do so.

Although petitioner testified that he was not advised by any one of the nature and consequences of signing a petition for waiver of indictments, he did not say that he was otherwise unaware of the same. Thus, even if we apply the rationale of *Cole, Northrop, Hall* and *Bishop,* all *supra,* to this case, petitioner cannot prevail. The trial justice, after the rehearing, found that it was petitioner's intention and desire to get these cases disposed of as soon as possible. Although he did not expressly say so, it is apparent from his decision that he believed that petitioner knew what he

was doing when he waived examination in the District Court and when he signed the waiver of indictments and pleaded nolo contendere.

The petitioner has failed to establish by a fair preponderance of the evidence that he was not otherwise aware and appreciative of the nature and consequences of a waiver of indictment. *Compare Harris* v. *Langlois, supra.* We are satisfied from our examination of this record that the petitioner knew what he was doing when he signed the waiver forms and that his action was an intentional relinquishment or abandonment of a known right. *Johnson* v. *Zerbst, supra.* In the circumstances, even if we assume that the trial justice was obligated to advise petitioner of the consequences and significance of a waiver of indictment before accepting his plea of nolo, in the case at bar the petitioner was not prejudiced by any such failure.[4]

The petitioner's exception is denied and dismissed.

Powers, J., did not participate.

*James Cardono,* Public Defender, *William F. Reilly,* Asst. Public Defender, for petitioner.

*Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for respondent.

---

[4]In *Bishop* v. *Langlois, supra,* this court held that the rule laid down in *Cole* v. *Langlois, supra,* was to operate prospectively only. Thus, even if we were to apply the reasoning of the *Cole* case to the case at bar, we would also hold that the same rationale which led the court to decide that the *Cole* rule was to operate prospectively only would compel a similar conclusion in a case involving a waiver of indictment under §12-12-19.