DECISION
This cause is before the Court on the summary disposition motion of petitioner Robert M. Joost in proceedings brought by him pursuant to the provisions of Title 10 Chapter 9.1 Section 1et. seq. of the General Laws of Rhode Island 1956, 1997 reenactment, the so-called Post Conviction Remedy statute and the state's response thereto.
The record before the Court discloses that petitioner, at the time of his arrest in 1963, was 19 years old with a seventh grade education. Petitioner was arrested on numerous charges, pleaded not guilty, and was held without bail at the Adult Correctional Institution. Thereafter, he was indicted by a grand jury on a number of charges and on or about April 3, 1964, petitioner, without counsel, appeared before Judge Jalbert of this Court — changed his plea from "not guilty" to "nolo contendere" — and received various suspended and deferred sentences, together with a five year term of probation. No appeal or post conviction relief proceeding incident to the above events, heretofore, has been brought by petitioner.
Petitioner has had, since 1964, a long history of involvement with the criminal justice systems at both the state and federal levels; and presently is serving time in a federal penal facility, having been convicted after a jury trial on charges of conspiracy to obstruct, delay and affect commerce by robbery of gold from an armored car. The sentence imposed by the Federal District Court was enhanced due to petitioner's designation as an "armed career criminal." That designation in whole or in part apparently stems from the pleas contested in this proceeding by Joost.
The gravamen of petitioner's position in this proceeding is twofold: First, petitioner tells the Court that there are no transcripts or stenographic records available with respect to the hearings involving his change of plea and sentencing in 1964; and second, that as a matter of fact, he was unaware of the various rights which he would have been required to waive in connection with his change of plea and that no one, including the sentencing judge, explained those rights to him. Accordingly, he claims that his plea as entered did not constitute a knowing, voluntary, intelligent waiver of his constitutional rights, and cannot stand.
As to the first assertion by petitioner, it is clear that in fact, petitioner's contention is correct. There appear to be neither stenographic records or transcripts of the 1964 proceedings in the Superior Court involving Joost. (See letter of John H. Barrette, Deputy Superior Court Administrator to Paul F. Daly, Jr., Assistant Attorney General, dated March 11, 1999, attached as exhibit C to respondent's request to dismiss application.) Petitioner asserts that the rule in Hall v.Langlois, 108 R.I. 454 (1971) announced by Justice Paolino as follows:
 "Because as is evident by the case at bar, grave issues involving basic constitutional questions may arise many years after pleas are accepted and sentences imposed, we believe that the rule set forth in Bishop should be implemented so that the records of proceedings wherein pleas are accepted and sentences imposed may be preserved without limit. With this in mind, we believe that the interests of justice require that henceforth a transcript of proceedings involving the acceptance of pleas in criminal cases and the imposition of sentences be prepared at the expense of the state and placed in the jacket of each case within a reasonable time after such hearing or hearings."
essentially should be applied retroactively. This, of course, overlooks the final sentence in the paragraph quoted above which reads:
 "This rule shall become effective thirty days after this decision is filed."
Clearly, our court had considered the issue and chose not retroactivity, not contemporaneous application, but rather, prospective effect for the rule it announced. The pleas in question were entered many years prior to the Court's decision inHall.
Finally, petitioner's primary claim that he did not make an informed waiver of his constitutional rights, in this Court's view, does not carry the day for him even if true.
Because of the subjective nature of the issue before the Court, what Joost comprehended as to his rights, this Court was not satisfied with the record before it and accordingly suggested that it wished to hear live testimony from petitioner. Ultimately, petitioner was brought to Rhode Island and testified at some length before the Court with respect to the circumstances surrounding his post arrest incarceration in 1963 and up to his 1964 change of plea. He also offered additional testimony, during which it was disclosed that not later than in the decade of the 70's, petitioner became fully aware of his rights and of the significance of his pleas. It is clear to this Court that the passage of time during which petitioner, now aware of the significance of his actions, slumbered until filing this 1998 proceeding militates for the application of the Doctrine of Laches.
Joost's later acquired understanding of his rights should not be used as a popular board game "Get out of jail free" playing card to be employed by him at such time as he deemed appropriate. There can be no question that being possessed of the requisite information, but doing nothing with it for some 20 years more or less, must be deemed to be negligence on the part of petitioner and clearly is detrimental to the state. Witnesses and court personnel move and/or die, records may be lost or destroyed, as may be the case here. The state is prejudiced in this case simply by the passage of so long a period of time.
Accordingly, pursuant to the provisions of Section 10-9.1-6
(c), this Court is satisfied, on the basis of all the pleadings and the record before it, including the testimony of Mr. Joost, that there is no genuine issue of material fact and that the state, as a matter of law, is entitled to judgment.
An order and judgment consistent with the foregoing may be presented by the Attorney General.