DECISION
On February 7, 1996, the United States District Court for the District of Rhode Island sentenced the defendant to a term of life imprisonment without parole after determining inter alia
that the defendant's 1958 and 1976 criminal convictions by the State of Rhode Island were qualifying serious violent felonies pursuant to 18 U.S.C.S. § 3559(c)(2)(F). The United States District Court for the District of Rhode Island concluded that after reviewing the defendant's "ugly history of criminal behavior" an enhanced sentence to the federal conviction was warranted. On September 14, 1998, in response to this sentence enhancement, the defendant collaterally attacked the nolo contendere pleas that he entered in the 1958 and 1976 dispositions by petitioning this Court for post conviction relief pursuant to G.L. 1956 § 10-9.1-1 et seq.
 FACTS AND TRAVEL
On October 22, 1958, Gerard T. Ouimette (defendant) was arraigned in the Superior Court, Providence County, on a charge of armed robbery and pleaded not guilty. The defendant returned to the Superior Court on December 12, 1958, and entered a plea of nolo contendere to the armed robbery charge. On January 12, 1959, the Superior Court sentenced and committed the defendant to six years at the Adult Correctional Institute. The defendant did not appeal this criminal conviction. Additionally, on September 15, 1976, the defendant entered a plea of nolo contendere in the Superior Court to charges of assault with a dangerous weapon and conspiracy to commit assault with a dangerous weapon. The Superior Court sentenced the defendant to three years, suspended, and four years of probation. On February 11, 1981, the defendant, via counsel, filed a motion for post conviction relief to withdraw the nolo contendere pleas entered on September 15, 1976, arguing that there was no factual basis for the plea. After a hearing on February 24 and 25, 1981, the Superior Court determined that there was a factual basis for the plea and denied the petition for post conviction relief. . . . The defendant did not appeal this determination. The defendant now petitions this Court to vacate the 1958 nolo contendere plea because the defendant did not knowingly, intelligently, and voluntarily make the plea, and to vacate the 1976 nolo contendere plea because the Court did not elicit a factual basis for the plea and the defendant "should not be held liable to the decision by his counsel not to fully litigate a viable issue.
This Court, on March 16, 1999, conducted an evidentiary hearing in accordance with Harris v. Langlois, 100 R.I. 196,212 A.2d 715 (R.I. 1965), wherein the State submitted sufficient evidence for this Court to find that the above pleas and convictions were entered by the Superior Court. However, neither the State nor the defendant was able to provide this Court with stenographic transcripts and notes of the 1958-1959 hearings as they were probably destroyed by the State pursuant to G.L. 1956 §8-5-4, and the defendant has not maintained a personal copy.[1]
In support of the petition for post conviction relief from the 1958 plea of nolo contendere the defendant presents his affidavit, dated August 5, 1998, which states, in pertinent part, that:
 3) . . . during the pendency of my indictment I had no meetings with the lawyer who represented me and in fact only saw him in the courtroom when the plea was entered . . .
 4) . . . I did not know the elements of the crime of robbery, nor were they ever explained to me by the court or counsel . . .
 5) . . . neither counsel, nor anyone else ever explained possible defenses . . .
 6) . . . neither counsel nor the court ever explained the effect or consequences of a plea of nolo contendere. . . .
The defendant also presents oral testimony describing his present recollection of the 1958-1959 hearings, his plea of nolo contendere, and the sentence imposed by the Court.
At the time the defendant entered his plea of nolo contendere on December 12, 1958, he was eighteen years of age and had formal education up to the eighth grade. The defendant had experience in the juvenile court system, and was arraigned and convicted on two separate occasions in the District Court of Rhode Island, Sixth Division. On August 1, 1958, the defendant pleaded to a charge of simple assault and received a thirty day sentence. On August 30, 1958, the defendant pleaded to a charge of misdemeanor larceny and received another thirty day sentence. From the defendant's present testimony, the Court finds that, at the time of these proceedings in August 1958, the defendant fully understood that the consequences of pleading to charges brought against him by the State in the District Court was often a fine and a sentence. Additionally, the defendant testified that he did not remember if he was represented by counsel at these proceedings, although he did state that it was "possible" he was represented by counsel. The Court finds that the defendant's recollection of these two proceedings is poor and his memory understandingly lacked detail as the events occurred approximately forty years ago.
However, upon oral examination the defendant was able to provide a detailed account of the occurrences surrounding the 1958 plea of nolo contendere. The defendant testified that although he was represented by counsel on December 12, 1958 and on January 12, 1959, he assertively remembers that: 1) he did not have any discussions with his counsel inside or outside the courtroom at any time between October 22, 1958 and January 12, 1959, 2) he was not informed of, and he did not know, the criminal charge brought against him, 3) he was not instructed either by counsel or by the Court of the meaning and consequences of a plea of nolo contendere, 4) he did not understand that he was waiving certain constitutional tights by making such a plea, and 5) he did not understand that he could receive a sentence of incarceration by allowing a plea of nolo contendere to be entered by the Court. Moreover, the defendant was able to recall conversations with codefendant, Robert Kandos, who purportedly stated, as the defendant recalled, that "I will take care of things. Don't worry about it. I'm going to get a lawyer and I'm going to get you out of trouble. . . . I got you a lawyer." The defendant testified that at the time of the hearings he was unsure whether an attorney represented him; however, he also testified that an attorney did represent him at these hearings although he did not, and does not, know his identity. This Court notes, without making a factual finding, that the defendant also testified that the defendant's present counsel, John F. Cicilline, "has been my lawyer since 1956." From the evidence presented, this Court finds that the defendant was represented by counsel at the December 12, 1958 and January 12, 1959 hearings.
To support the petition for post conviction relief from the 1976 plea of nolo contendere, the defendant submits a copy of the stenographic transcript of the September 15, 1976 hearing before the Superior Court wherein the defendant submitted affidavits and made his plea of nolo contendere. In opposition, the State submits the stenographic record of the decision of the Superior Court issued after a heating on February 24 and 25, 1981, wherein the Court determined that "there was a factual basis for the charge against [the defendant] as amended" and, therefore, the Court denied the petition for post conviction relief.
 POST CONVICTION RELIEF FROM THE 1958 PLEA OF NOLO CONTENDERE
It has long been the rule of this jurisdiction that a plea of nolo contendere is, for all practical purposes, equivalent to a plea of guilty. State v. Feng, 421 A.2d 1258, 1266 (R.I. 1994);Cole v. Langlois, 99 R.I. 138, 140-141, 206 A.2d 216, 217 (1965). The post conviction relief proceedings conducted under G.L. §10-9.1-1 et seq. are civil in nature. State v. Tassone,417 A.2d 323 (R.I. 1980). In this case, the defendant maintains the burden to establish by a preponderance of the evidence that he did not willingly and knowingly enter his 1958 plea of nolo contendere.Palmigiano v. Mullen, 119 R.I. 363, 375, 377 A.2d 242, 248 (1977); Flint v. Sharkey, 107 R.I. 530, 537, 268 A.2d 714, 718 (1970).
The defendant did not directly appeal the conviction based upon his 1958 plea of nolo contendere and it became final many years ago. The defendant petitions this Court to revisit the question of whether the conviction is valid approximately forty years after the plea of nolo contendere was entered solely because he has received an enhanced sentence in a subsequent conviction in the United States District Court for the District of Rhode Island based, in part, upon this 1958 conviction.
The defendant has submitted an affidavit and provided oral testimony to this Court that, for the lack of a stenographic record and the unavailability of other witnesses to the proceedings caused by a forty year delay, the State is unable to directly rebut or challenge. However, the State is not without recourse to present substantive opposition to this petition. The United States Supreme Court has recognized that a "presumption of regularity" attaches to final judgments in criminal proceedings where the conviction is based upon the defendant's guilty plea despite the question of whether the defendant's constitutional rights were violated. See Parke v. Raley, 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992). Moreover, our Supreme Court has recognized in the context of sentencing procedure that, absent sufficient proof to the contrary, there is a presumption of regularity" that the "judge proceeded in accordance with the law." State v. Crescenzo, 114 R.I. 242, 262, 332 A.2d 421, 432 (1975); Powers v. Langlois, 90 R.I. 45, 153 A.2d 535 (1959); Seealso Signore v. Zoning Bd. of Review of Town of Barrington,98 R.I. 26, 199 A.2d 601 (1964) ("[S]worn officers of the law are entitled to the presumption that their official acts have been properly performed, until contrary is proved." (citations omitted)). This presumption is supportive of the important policy of finality of judgments in promoting the integrity and efficiency of our judicial system. The United States Supreme Court also has recognized that:
 [o]ne of the law's very objects is the finality of its judgments. Neither innocence nor just punishment can be vindicated until the final judgment is known. "Without finality, the criminal law is deprived of much of its deterrent effect." (citation omitted). And when a habeas petitioner succeeds in obtaining a new trial, the "erosion of memory" and "dispersion of witnesses" that occur with the passage of time, (citation omitted), prejudice the government and diminish the chances of a reliable criminal adjudication.
 . . . .
 If "[c]ollateral review of a conviction extends the ordeal of trial for both society and the accused," (citation omitted), the ordeal worsens during subsequent collateral proceedings. Perpetual disrespect for the finality of convictions disparages the entire criminal justice system.
McCleskey v. Zant, 499 U.S. 467, 491, 111 S.Ct 1454, 1468, 113 L.Ed.2d 517, 542 (1991). After thorough review of the evidence presented, the defendant presents neither sufficient evidence nor persuasive argument that this Court should not recognize the "presumption of regularity" that attached to the 1958 plea of nolo contendere made by the defendant.
Other Courts also have recently addressed the issue of evaluating a petition for post conviction relief from a guilty plea where the stenographic record has been properly destroyed and witnesses are unavailable because the plea was made many years ago. For example, in Commonwealth v. Lopez, 690 N.E.2d 809, 812 (Mass. 1998), the Supreme Judicial Court for the Commonwealth of Massachusetts recognized that:
 when the defendant leaves his guilty pleas unchallenged for a lengthy period of time, so that the contemporaneous record of the plea is lost (by proper destruction of stenographic notes . . .), and the means of reconstruction are made impractical or impossible due to the death or retirement of judges and court reporters, the unavailability of witnesses, the inherent weaknesses and failures of recollection, and other factors commonly associated with the passage of time . . ., the absence of a record, and the inability effectively to reconstruct it may be directly attributed to the defendant's delay and may be said to be the defendant's fault. . . . In such a case, the defendant's attack on his pleas . . . necessarily proceeds on a basis extrinsic to the unavailable contemporaneous record. In assessing such a challenge, a judge is not required to accept the defendant's self-serving affidavit, alleging constitutional defects in conclusory terms, as sufficient to satisfy the defendant's burden. . . .
See also Commonwealth v. Grant, 689 N.E.2d 1336 (Mass. 1998);United States v. Hardy, 829 F. Supp. 478 (D.Mass. 1993). Moreover, the Supreme Court of South Dakota has recognized that "[a]s the chronological and procedural challenge to a conviction becomes more removed from the conviction itself, the court must exercise decreasing scrutiny, in the review of constitutional issues."State v. Moeller, 511 N.W.2d 803, 808 (S.D. 1994). This is because "[c]hallenges to distant convictions strike at. . . ."Id.
This Court, in evaluating a petition for post conviction relief and in assessing the defendant's credibility in alleging that he did not know the effect and consequences of a plea to the criminal charges, may treat evidence of the "defendant's prior experience with the criminal justice system as relevant to the question whether he knowingly waived constitutional rights."Parke v. Raley, 506 U.S. at 37, 113 S.Ct. at 527, 121 L.Ed.2d at 408. The defendant had experience with the criminal justice system on at least two separate occasions prior to making the 1958 plea of nolo contendere. From these prior dispositions in the District Court of Rhode Island, the defendant understood that by making a plea of guilty or nolo contendere he could, and did, receive a fine and a sentence. This Court finds that the defendant's understanding about the consequences and effects of making a plea to a criminal charge brought against him in the District Court carried forward to approximately four months later when the defendant made the plea of nolo contendere in the Superior Court.
After thorough review of the evidence presented, this Court finds that the defendant did not present sufficient credible or reliable evidence that his 1958 plea was not made willingly and knowingly. This Court finds that the defendant's recollection, as illustrated in the affidavit and by oral testimony is not credible, not reliable, and not sufficient either to overcome the "presumption of regularity" that attaches to criminal convictions and final judgments or to meet the defendant's evidentiary burden before this Court that he did not enter his plea willingly and knowingly.
Additionally, although the defendant has not, and does not, present a claim for ineffective assistance of counsel in either case action, this Court notes that there is a "strong presumption in favor of competent representation" and that prejudice to the defendant will exist "if there is a reasonable probability that, absent counsel's deficient performance, the result of the proceeding would have been different." State v. Figueroa,639 A.2d 495, 500 (R.I. 1994) (citing Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). "When evaluating a claim for ineffective assistance of counsel in a plea situation, the defendant must demonstrate a reasonable probability that but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial."Id. (citing Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203, 210 (1985); United States v. Del Rosario,902 F.2d 55, 57 (D.C.Cir. 1990)). The defendant does not present sufficient evidence for this Court to find that, but for the alleged errors on behalf of his counsel and the Court, the defendant would not have made the 1958 plea of nolo contendere and would have decided to proceed to a jury trial of the charges. Therefore, this Court denies the defendant's petition for post conviction relief to vacate his 1958 plea of nolo contendere.
 THE 1976 PLEA OF NOLO CONTENDERE
"The doctrine of res judicata operates as an absolute bar to relitigation of the same issues between the same parties when a final judgment has been rendered." Carillo v. Moran,463 A.2d 178, 182 (R.I. 1983). "In sum, for res judicata to bar a cause of action, there must be (1) identity of parties, (2) identity of issues, (3) identity of claims for relief and (4) finality of judgment." Bassett's Estate v. Stone, 458 A.2d 1078 (R.I. 1983). The Court may apply the doctrine of res judicata to post conviction relief proceedings. Thornley v. Mullen, 115 R.I. 505,349 A.2d 158 (R.I. 1975). Additionally, our Supreme Court has recognized that "[a] defendant generally may not divorce himself from responsibility for his counsel's failure to raise or pursue issues at trial or on direct appeal absent a claim for ineffective assistance of counsel." Carillo v. Moran, 463 A.2d at 183 (citations omitted).
The issue of whether there was a sufficient factual basis to support the 1976 plea of nolo contendere has been previously addressed in the 1981 post conviction relief proceedings wherein the Superior Court issued an extensive and thoroughly considered decision on the matter. After reviewing the record presented, this Court concludes that the defendant's petition for post conviction relief from the 1976 plea of nolo contendere for lack of a factual basis is barred by the doctrine of res judicata. Moreover, the defendant's position that he "should not be held liable to the decision by his counsel not to fully litigate a viable issue" is not probative in that there has not been, and is not, a claim for ineffective assistance of counsel in this case. This Court notes that the defendant's present counsel, John F. Cicilline, also represented the defendant at the February 24 and 25, 1981 hearing before the Superior Court wherein the Court denied the defendant's petition for post conviction relief. Therefore, this Court denies the defendant's petition for post conviction relief from his 1976 plea of nolo contendere.
Counsel shall prepare and submit the appropriate orders for entry of judgment in accordance herewith, within ten days.
[1] In 1971, our Supreme Court determined that the records of proceedings wherein the Court accepts pleas in criminal cases shall be "preserved without limit" by the State. Hall v.Langlois, 108 R.I. 454, 461, 276 A.2d 768, 772 (1971).