206 A.2d 216.

ROBERT COLE *vs.* HAROLD V. LANGLOIS, *Warden.*

JANUARY 13, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

ROBERTS, J. This petition for habeas corpus was brought to obtain the discharge of the petitioner from the allegedly unlawful custody of the respondent warden. The petitioner has been in the respondent's custody since March 31, 1964, at which time a justice of the superior court, upon a plea of nolo contendere entered by the petitioner's counsel, imposed a sentence of five years.

Robert Cole, herein referred to as petitioner, had been indicted by a grand jury and charged with the commission of the crime of robbery. The indictment No. 32347 was returned after the apprehension of Cole on the charge of participation on October 8, 1963 in a robbery committed in a licensed place known as Jackson's Bar on Eddy street in Providence.

It appears from the record that petitioner, after an arraignment in the district court, was bound over to the December grand jury for Providence county, and in due course the instant indictment No. 32347 was returned. It appears further that on February 3, 1964 petitioner, who was not then represented by counsel, was arraigned thereon and pleaded not guilty thereto. Bail was set at $3,000 and, for want thereof, petitioner was committed to the adult correctional institutions. On February 12, 1964 petitioner, now represented by counsel who was, it appears, procured for him by a professional bondsman, appeared in the superior court and, bail in the necessary amount being furnished, was discharged from custody. Thereafter, on February 28, petitioner appeared again before the superior

court with counsel, who entered a plea of nolo contendere to the charge set out in the indictment. The record does not disclose that petitioner's plea of not guilty was formally withdrawn or otherwise referred to. The matter was continued to March 31 for sentence, at which time petitioner appeared before the superior court, when the sentence referred to above was imposed by a justice thereof.

Shortly after the imposition of sentence petitioner's wife engaged new counsel, who addressed a writ of error coram nobis to the superior court, which on May 1, 1964 was heard by the justice of that court who had imposed sentence. Upon an examination of the transcript of the evidence adduced at the hearing, it becomes clear that petitioner sought to establish that he changed his plea of not guilty to one of nolo contendere on the advice of counsel and without knowledge as to the nature of the latter plea and without being informed, either by his counsel or by the court, that this was, in effect, a withdrawal of his plea of not guilty and the entry of a plea of nolo contendere would in legal effect constitute a waiver of his right to a jury trial under the indictment.

The petitioner on February 28 stood before the superior court on a plea of not guilty pursuant to which he was entitled to certain constitutional rights including, inter alia, the right to a trial by an impartial jury. However, on that day by the act of his counsel entering a plea of nolo contendere, his status with regard to these constitutional rights was drastically altered and this because in this jurisdiction a plea of nolo contendere is, in substance, a plea of guilty.

It is true that this court has held that while such a plea may be followed by the imposition of sentence, it establishes guilt only for purposes that are pertinent to the case in which it is made. *Doughty* v. *DeAmoreel*, 22 R. I. 158. But we have said: "While a plea of *nolo contendere* may not establish defendant's guilt for all purposes and in other proceedings, it is clear that such a plea has the effect of a

plea of guilty for the purposes of the particular proceedings on an indictment in which it is entered." *State* v. *McElroy,* 71 R. I. 379, 392.

We consider also significant the legislative enactment of G. L. 1956, §12-19-19, wherein it is provided that when an accused, arraigned before the superior court, "shall plead guilty, or refuse to contend with the state, he may be at any time sentenced by the court * * *." Obviously, this grant of statutory authority to impose sentence upon a plea of nolo contendere in like manner as on a plea of guilty means that such a plea, if entered by the defendant voluntarily and intelligently, waives his right to trial by jury. Concerning this aspect of the plea, we said in *In re Lanni,* 47 R. I. 158, 161: "By availing himself of the permission to enter a plea of *nolo contendere* this respondent waived his right to go to trial, and thereby waived whatever right he may have had to have his exceptions to rulings of the Superior Court considered here upon a bill of exceptions." It is, then, our opinion that the act of petitioner's counsel in this case in pleading nolo contendere on February 28 must be regarded as having, for all practical purposes, constituted a plea of guilty under the indictment on which he was arraigned.

One of the benefits that accrues to an accused by reason of his right to be informed concerning the accusation made against him includes the right to be fully apprised of the nature of the plea of guilty and the effect of such a plea on his right to a jury trial. The burden of informing an accused concerning the nature of the plea is in many jurisdictions imposed on the court by rule or statute. But absent such an express imposition of this obligation on the court, such a plea will be vacated when it is shown to have been obtained from a defendant unaware and uninformed as to its nature and its effect as a waiver of his fundamental rights. The rule is broadly stated in *Kercheval* v. *United States,* 274 U. S. 220, 223: "Out of just consideration for

persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences. When one so pleads he may be held bound. * * * But, on timely application, the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear or inadvertence."

Some recent decisions disclose a tendency to ascertain the validity of a plea of guilty on the basis of whether, in entering such a plea, the defendant validly waived the rights that he thereby forfeited. In *Jones* v. *State*, 221 Md. 141, decided in 1959, the court said at page 144: "Ordinarily, a plea of guilty by a defendant represented by counsel and capable of participating in his own defense is accepted as a matter of course. * * * But in a capital case or other serious case, such as this, a trial court is required to be satisfied of the voluntary character of the plea and that the defendant understands the nature and effect of a plea of guilty." The clear implication of this language is that where such a plea is voluntary in that it was not obtained by fraud or coercion and that it resulted from an intelligent decision on the part of a defendant to waive a trial by jury, the defendant is bound thereby.

In short, the real issue, in our opinion, raised in the instant case is whether the entry of the plea of nolo contendere constituted a valid waiver of defendant's right to a trial by jury. In *Fay* v. *Noia*, 372 U. S. 391, 439, the United States Supreme Court said: "The classic definition of waiver enunciated in *Johnson* v. *Zerbst*, 304 U. S. 458, 464,—'an intentional relinquishment or abandonment of a known right or privilege'—furnishes the controlling standard." It is incumbent then upon us to ascertain from the record whether the plea of nolo in the instant case represented a voluntary, intentional, and intelligent relinquishment of his right to trial by jury.

It is settled that a petitioner on this issue has the bur-

den of showing by a preponderance of the evidence that he did not intelligently and understandingly waive his rights. *Moore* v. *Michigan,* 355 U. S. 155, 162. In that case the issue was whether there had been a valid waiver of the defendant's right to counsel, but in our opinion the rule has application to any situation in which the question is whether there has been an intelligent, voluntary waiver of some constitutional right. It is our opinion that petitioner here did in the course of the hearing on his writ of error coram nobis in the superior court develop evidence which sustained the burden of showing that he did not intelligently and understandingly relinquish his right to a jury trial, and therefore the plea of nolo contendere was not a true waiver.

It appears from the record before us that petitioner was 25 years of age at the time of the imposition of sentence and that at the age of 16 he dropped out of junior high school, having reached either the sixth or seventh grade at that time. It appears further that he usually had been assigned to ungraded classes at school; that he had completed three years of service in the army; and that he had some minor involvements with the law prior to the incident which resulted in the instant indictment. It appears further that after his release on bail, he had consulted with counsel at the latter's office on February 17 or 18 concerning the indictment and that he had again consulted with counsel in the corridor just outside of the courtroom on February 28 at the time he was to be arraigned. His testimony concerning the extent to which these discussions informed him as to his right to trial and the effect of the various pleas that could be entered is in sharp conflict with that of his counsel.

The record concerning the arraignment at which a plea of nolo contendere was entered by his counsel is entirely devoid of evidence as to any action on the part of the trial justice to ascertain, before accepting the plea, whether peti-

tioner was aware of its being equivalent to a plea of guilty or of its effect upon his right to a jury trial. The record discloses no inquiry by the court as to whether this plea entered by counsel was concurred in by petitioner or whether he had been informed of its consequences.

The transcript of the arraignment discloses only that the prosecutor addressed the court as follows: "This is one where it wasn't on the list. It was just brought in. Indictment No. 32347, Robert G. Cole." The clerk immediately addressed petitioner as follows: "Waiving the reading of this indictment charging you with robbery, what say you to this charge?" Thereupon, counsel, speaking for the only time during the arraignment of petitioner, replied: "Nolo, your Honor." To this the court responded, saying only: "Continued to March 31 for a pre-sentence report." That is the complete record of the arraignment of petitioner under an indictment charging him with robbery, an offense for which he could be sentenced up to life. At no time was any reference made to the implicit withdrawal of his plea of not guilty, nor did counsel for petitioner in any manner inform the court that he had informed petitioner as to the consequences of this change in plea.

The record of petitioner's appearance on March 31 for sentence is equally barren of evidence tending to establish that the court sought to ascertain petitioner's knowledge concerning the effect of the plea of nolo contendere. It discloses only that the prosecutor related the circumstances surrounding the alleged offense in rather lurid phraseology and that defense counsel did little more than ask the court for clemency on the ground that petitioner had been confined in the adult correctional institutions for about four months prior to his release on bail. It discloses further that the only direct reference by the court to petitioner was to describe him as "a good father and a good husband, but outside of that he is a darn fool." The records of these two hearings are most persuasive that petitioner's plea of

nolo was accepted by the court without even formal compliance with the judicial obligation to ascertain whether petitioner knew of the effect of the plea and to inform him with respect thereto if he did not. Nowhere is there any evidence that petitioner was even asked if he desired to speak for himself during either hearing.

There is substantial authority supporting the proposition that when an accused is represented by counsel, it remains the court's obligation to ascertain whether he had been sufficiently informed concerning the nature and effect of the plea. In a number of cases, however, courts have held that if, through counsel, the accused has acquired sufficient information of this character to be charged fairly with knowledge of its nature and its consequences, he will be bound by the plea entered. *United States* v. *Swaggerty*, 218 F.2d 875; *Boggess* v. *Briers*, 134 W. Va. 370. In most, if not all, of these cases the knowledge of the accused as to the nature and consequences of a plea was obviously sufficient to warrant concluding that the giving of the plea constituted a knowing and intelligent relinquishment of his right to a trial. In short, these courts appear to hold as harmless error the failure on the part of the court to ascertain the knowledge of the accused in such circumstances.

It is our opinion that the instant record would not support a conclusion that petitioner had been informed sufficiently by his counsel as to the nature of the plea to charge him with a waiver of his right to a jury trial in entering that plea. In the superior court during the hearing on the writ of error coram nobis, petitioner's counsel testified that on February 17 or 18 he had discussed with petitioner the various pleas that could be made to the indictment and left it to petitioner to reach whatever decision he would as to the plea to be made. There is nothing in his testimony concerning this conference, which had been held in his office, disclosing that he informed petitioner in precise terms as to the distinctions that existed between his rights under a

146

plea of not guilty and his rights after a nolo plea had been entered.

At that hearing counsel did testify that on February 28 he conferred with petitioner. in the corridor in the courthouse just outside the courtroom where the arraignment was to be held. He described this conference in part as follows: "When I met him out in the corridor I told him that he could either go to trial on this case or he could plead nolo; and I told him if he did plead nolo he would throw himself on the mercy of the court." This is the only testimony appearing in that record from which it appears that some precise information concerning the nature of the plea of nolo contendere was given petitioner by his counsel. Significant of its inadequacy, in our opinion, is the fact that it was given in the courthouse corridor immediately before the arraignment was held and that, in effect, it was susceptible of inference on the part of petitioner that such a plea was in the nature of a condition precedent to an exercise of judicial clemency. This evidence, in our opinion, is insufficient to warrant a conclusion that petitioner was sufficiently informed as to the nature of a plea of nolo contendere so as to render the entry of such a plea a voluntary and intentional waiver of his right to a jury trial.

There is in this record some evidence that petitioner had been involved in criminal prosecutions on prior occasions. We have closely scrutinized that evidence in order to determine whether it establishes that petitioner properly can be charged with knowledge concerning the nature of a plea of nolo contendere and particularly as to its equivalence to a plea of guilty. On the evidence to this effect that appears in the record, such a conclusion would of necessity verge on speculation.

The petitioner has established, in our opinion, that the court, in accepting the plea of nolo contendere, did not in any manner seek to ascertain his knowledge concerning the plea or its consequences and that he was not adequately

informed by counsel as to the nature of the plea or its effect as a plea of guilty. We are constrained then to conclude that the entry of the plea in his behalf was not a voluntary and intelligent relinquishment by the petitioner of his right to a jury trial and that justice requires that he be given such a jury trial and be released from custody pending such trial on the same recognizance and surety as were provided for his admission to bail on February 12, 1964.

The petition for habeas corpus is granted, and the respondent is directed to discharge the petitioner from that custody in which he is held pursuant to a sentence of five years imposed by the superior court on March 31, 1964 as a consequence of his pleading nolo contendere to an indictment charging him with robbery; and said petitioner shall be presented to the superior court forthwith for further proceedings in accordance with this opinion.

*Robert G. Cole*, pro se petitioner.

*J. Joseph Nugent*, Attorney General, *Carmine A. Rao*, Assistant Attorney General, for respondent.