564

277 A.2d 747.

ALFRED J. BISHOP *vs.* JOHN F. SHARKEY, *Acting Warden.*

MAY 27, 1971.

PRESENT: Roberts, C. J., Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This petition for habeas corpus was brought to obtain the discharge of the petitioner from the allegedly unlawful custody of the respondent warden. The petitioner has been in the warden's custody since March 11, 1968, at which time a justice of the Superior Court sentenced the petitioner to a term of five years for a violation of a deferred sentence. The petitioner has been before this court before on a similar petition for habeas corpus, in which the facts of the case have been substantially discussed. See *Bishop* v. *Langlois,* 106 R. I. 56, 256 A.2d 20.

At that time petitioner rested his claim that his custody was illegal on the basis of the rule stated by this court in *Cole* v. *Langlois,* 99 R. I. 138, 206 A.2d 216. In that case the petitioner Cole contended that his plea of nolo contendere to an indictment charging him with the crime of robbery had been entered without his knowledge as to the nature of the plea and without being informed, either by his counsel or by the court, that to enter such a plea would have the legal effect of a waiver of his right to have a jury trial under the indictment.

There we held that in such situations it is the obligation of the court "* * * to ascertain whether petitioner knew of the effect of the plea and to inform him with respect thereto if he did not." *Id.* at 145, 206 A.2d at 220. We noted further, however, that the failure on the part of the court to so ascertain and instruct the defendant would be harmless error if the accused were informed by counsel in a manner sufficient to inform him of the character of the plea he was about to enter and of the consequences it involved by way of a willing relinquishment of a known right.

After our decision in *Cole,* petitioner, on September 18, 1968, sought a writ of error coram nobis in Superior Court, contending that his plea of nolo in 1963 to an indictment charging him with breaking and entering had been entered without his knowing of its effect as a waiver of certain of his constitutional rights and without being informed either by court or counsel of the nature and consequences of such a plea. At that time counsel representing him in 1963 deposed that he had not informed petitioner of the nature and consequences of the plea. The Superior Court then found that petitioner, in pleading nolo in 1963 to the indictment, did not knowingly and understandingly make a clear waiver of his right to a trial by jury. However, on

other grounds the Superior Court denied and dismissed the petition for the writ of error coram nobis.

The petitioner then came to this court seeking his discharge on the writ of habeas corpus. See *Bishop* v. *Langlois, supra*. In that case petitioner contended that he was entitled to the writ because the Superior Court had found that in pleading nolo in 1963 he had not knowingly and understandingly made a clear waiver of his right to a trial by jury. In all the circumstances, this court took the position that petitioner was seeking relief under the rule stated in *Cole* and decided that the rule thus stated in *Cole* would not be given retrospective application. It appearing that petitioner's plea was entered in 1963 and that *Cole* was not decided until January 13, 1965, petitioner was not entitled to the benefit of *Cole,* and we denied and dismissed the petition for habeas corpus.

However, in *Flint* v. *Sharkey,* 107 R. I. 530, 268 A.2d 714, the court either abrogated or distinguished the rule in *Bishop* v. *Langlois, supra,* so far as it limited the *Cole* rule to prospective operation. We held that thereafter a plea of nolo or guilty entered prior to *Cole* will be vacated if the accused can show that the plea was not knowingly and willingly made. The court in express terms, however, put the burden of proof on the petitioner for habeas corpus based on an alleged invalid pre-*Cole* guilty plea. He must establish by a preponderance of the evidence that he did not willingly and knowingly enter his plea. A full discussion of the circumstances under which this rule was established in *Flint* v. *Sharkey, supra,* is contained in that case. In other words, we distinguished between the pleas of nolo or guilty entered prior to the decision in *Cole,* those pleas entered subsequent to the decision in *Cole* but prior to the decision in *Bishop,* and finally those pleas entered subsequent to the decision in *Bishop*.

The petitioner now argues that he is entitled to have the 1963 plea vacated on the ground that the finding of the Superior Court in the coram nobis proceedings is conclusive in this court on the issue of whether petitioner had entered the plea prior to *Cole* willingly and knowingly. With this argument we do not agree. First, the hearing on the petition for writ of error coram nobis was held and the decision on that case rendered prior to our decision in *Flint* v. *Sharkey, supra,* on August 14, 1970. Beyond that, however, the evidence adduced on petitioner's behalf in the proceedings for coram nobis is probative only on the issue of whether he had been informed by the court or by counsel of the nature of the plea and its constitutional consequences.

Under the rule stated in *Flint* it is the burden of the petitioner to establish by a preponderance of the evidence that he was without knowledge of the nature and consequences of the plea he was entering. The burden of proof relates to the personal knowledge of the petitioner at the time the plea was entered, a purely subjective test. In the proceedings for the writ of error coram nobis, petitioner did not take the stand and did not testify concerning his own knowledge as to the nature of the plea, and it is our opinion that the production of evidence as to the petitioner's personal knowledge at the time of the entry of the plea is essential to establish that he was without knowledge of the effect thereof that would justify our vacating the plea now.

The petitioner argues that in considering the disposition of his prior claim for relief we "* * * conceded the fact that the petitioner had made an unknowing waiver of his constitutional rights in 1963 * * *." In that case we made no decision that had we applied *Cole* retroactively, the petitioner would have been entitled to relief, much less

any concession that the evidence adduced in that case would meet the requirements set out in *Flint*.

The establishment of grounds that will justify the vacating of a plea entered after our decision in *Cole* differs substantially from the grounds that will justify the vacating of a plea entered prior to the *Cole* decision. In the case of pleas entered after the *Cole* decision, we look to the knowledge possessed by the pleader as given him by the court. A plea entered subsequent to the *Bishop* decision will be vacated where the record does not disclose affirmatively that the court informed the defendant as to the precise nature of the charge and the consequences of the plea so that at the entry thereof he had been effectively informed that he was waiving his right to a jury trial, to an appeal, and to the right to avoid self-incrimination and that the entry of the plea could result in the immediate imposition of penalties and that it could not be withdrawn other than by leave of court. See *Bishop* v. *Langlois, supra,* at 25.

On the other hand, when we consider a pre-*Cole* plea, we look to the state of the pleader's mind without any reference to information given him by the court. Such a pre-*Cole* plea will not be vacated on the defendant's bare assertion that he was without knowledge as to the specific nature of each of the constitutional rights that would be waived by the entry of a nolo plea at that time. Rather, such a plea will be vacated upon a showing by the pleader that at the time his plea was entered, he was without any knowledge that, as a result of his participation in the plea-bargaining process, he was then foreclosed from asserting the rights usually thought of as being exercised by an accused who insists that his guilt or innocence be determined at trial.

In our opinion, the interests of justice would be best served if this cause were remanded to the Superior Court

for an evidentiary hearing at which the petitioner would be afforded an opportunity to meet the burden of proof of establishing that the plea of nolo contendere entered in 1963 was not made willingly and knowingly.

PAOLINO, J., did not participate.

*John A. Varone,* for petitioner.

*Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for respondent.