293 A.2d 919.

WILLIAM S. ALESSIO *vs.* FRANCIS A. HOWARD, *Warden.*

AUGUST 8, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This is a petition for habeas corpus wherein the petitioner seeks his release from the Adult Correctional Institutions where he is being held after a justice of the Superior Court had found that the petitioner had violated the terms of a deferred sentence agreement.

The petition contains the following pertinent allegations. On October 21, 1965, petitioner appeared before the Washington County Superior Court, waived grand jury action, and pleaded nolo contendere to a charge of "breaking and entering in the night time with the intent to commit larceny." The matter was then continued for sentence to November 8, 1965, when petitioner herein was given a deferred sentence by a justice of the Superior Court.

Subsequently a capias was issued for the arrest of petitioner as an alleged violator of the November 8, 1965 de-

ferred sentence. On August 31, 1970, he was taken before the Superior Court for Providence County and was held without bail pending his appearance before the Superior Court in Washington County. On October 1, 1970, he appeared before a justice of that court and was sentenced to the Adult Correctional Institutions for a term of five years. The petitioner alleges that his request for a hearing on the alleged violation was denied.

The petitioner refers to an order entered by this court on February 2, 1971 in *Alessio* v. *Howard,* 108 R. I. 909, 273 A.2d 324 (1971). In that case we noted that respondent conceded that petitioner was not afforded the type of violation hearing described and required by *O'Neill* v. *Sharkey,* 107 R. I. 524, 268 A.2d 720 (1970). We also noted that petitioner alleged that in 1965 his waiving of a grand jury indictment and his subsequent nolo plea were not intelligently and willingly made. We concluded that these issues could only be resolved by an evidentiary hearing and for that reason granted the petition for habeas[1] then' before us and remanded the cause to the Superior Court for an evidentiary hearing and appropriate findings and resolution of the issues raised therein.[2]

Pursuant to our order an evidentiary hearing was held before a justice of the Superior Court. This hearing was held in two parts, one on February 12, 1971 and the other on March 16, 1971. After the hearing on February 12 the trial justice rendered a decision and found as facts that petitioner voluntarily and intelligently waived indictment and that he willingly and knowingly waived his right to trial and pleaded nolo. He then ordered that petitioner be af-

---

[1]The petition for habeas corpus in *Alessio* v. *Howard,* 108 R. I. 909, 273 A.2d 324 (1971), was filed on October 15, 1970.

[2]The transcripts of the hearings held on the following dates have been made available to us, namely, October 21, 1965, November 8, 1965, October 1, 1970 and February 12, 1971.

forded a hearing in the Superior Court on the charge that he had violated the terms of the deferred sentence imposed on November 8, 1965. This hearing was held on March 16, 1971, after which the trial justice found that petitioner had violated the terms of his deferred sentence agreement and on April 7, 1971 again sentenced petitioner to a term of five years at the Adult Correctional Institutions. On October 4, 1971, petitioner filed the instant petition for habeas, claiming that his detention, confinement and restraint is illegal on five different grounds.

I

In point I of his brief petitioner asserts that the nature and consequences of waiving grand jury action were not explained to him at his arraignment on October 21, 1965, or on November 8, 1965 by his counsel or by the court. He argues that such a waiver would be a violation of his constitutional rights if he did not intelligently waive indictment after an explanation by both petitioner's attorney and the court.

General Laws 1956 (1969 Reenactment) §12-12-19,[3] reads as follows:

> "Whenever any person shall have been bound over to the superior court by a district court upon a complaint charging him with any offense other than murder, which is not within the jurisdiction of said district court to try and determine, such person may, with the leave of the superior court to which he is so bound over, waive the finding and filing of an indictment of a grand jury against him for said offense and with such leave such person may plead guilty, not guilty or nolo contendere and thereafter all proceedings shall be taken and had in the same manner as would have been the case had such pleas been entered to an indictment regularly found and filed."

[3]The validity of this statute was upheld in *Picillo* v. *Sharkey*, 107 R. I. 147, 265 A.2d 644 (1970).

482

It appears from the record that on October 21, 1965, petitioner executed and signed a "Petition to Waive Indictment" addressed to the Superior Court. The petition reads as follows:

> "On October 9, 1965, I was bound over to the Superior Court for the County of Washington by the District Court of the Third Judicial District upon complaints charging me with breaking & entering in the nighttime * * *.
>
> "Under the provisions of Title 12, Chap. 12, Sec. 19 of the General Laws, 1956, as amended, I hereby waive the finding and filing of indictment(s) of the grand jury against me for said offense. If this petition is granted, I will plead nolo."

The petition was granted by a justice of the Superior Court on the same day.

It is true, as petitioner asserts, that the transcript of the October 21, 1965 and November 8, 1965 hearings do not show that petitioner was advised of the nature and consequences of such waiver.[4] But, as we said in *Hall* v. *Lang-*

---

[4]The parties have cited several cases which have considered the waiver of indictment problem. *See Bartlett* v. *United States,* 354 F.2d 745 (8th Cir. 1966); *Farr* v. *United States,* 314 F. Supp. 1125 (D.C. Mo. 1970); *Williams* v. *United States,* 289 F. Supp. 730 (D.C. Del. 1968); *Commonwealth ex rel.* v. *Ashe,* 165 Pa. Super. 30, 67 A.2d 770 (1949); *Davis* v. *Warden,* 211 Md. 617, 125 A.2d 674 (1956); and *King* v. *State,* 473 S.W.2d 43 (Tex. Crim. 1971). While we do not consider it necessary to discuss these cases here, we do believe that a brief reference to *King* v. *State, supra,* may be helpful. The Texas court was dealing with a new statute which was enacted in 1971, and which allowed waiving of grand jury indictment. The court spoke as follows:

"To prevent the procedure permitted by Article 1.141. supra, from becoming a fertile breeding ground for future post-conviction habeas corpus applications, it would be better practice to have the written waiver executed in open court by the accused and his counsel, after the accused has been advised of his rights by the court. The written instrument should include an admission that the accused has been advised of his rights by the court. The written instrument should include an admission that the accused has been advised of his rights, and the

*lois,* 108 R. I. 454, 463, 276 A.2d 768, 772 (1971):

> " * * * even if we assume that the trial justice was obligated to advise petitioner of the consequences and significance of a waiver of indictment before accepting his plea of nolo, in the case at bar the petitioner was not prejudiced by any such failure."

So too in this case we cannot see how petitioner was prejudiced by such failure. After the February 12, 1971 hearing, the trial justice made a finding of fact that he was " * * * satisfied from petitioner's past experience in criminal courts that petitioner intelligently and willingly waived indictment * * *." The totality of the facts in this case support the trial justice's finding. From our own examination of the record we are satisfied that petitioner has failed to establish by a fair preponderance of the evidence that he was not otherwise aware of the nature and consequences of a waiver of indictment. *Hall* v. *Langlois, supra.*

There is no merit to petitioner's claim that the printed forms of waiver of indictment used by the Attorney General do not allow a defendant to plead not guilty. The statute expressly provides that a person who waives indictment may, with the leave of the Superior Court, "plead guilty, not guilty or nolo contendere." We believe that the printed form used by the Attorney General should expressly set forth, as the statute provides, that a defendant "may plead guilty, not guilty or nolo contendere." However, the fact that the printed form in the case at bar does not expressly recite the words "not guilty" does not mean that such a plea cannot be made.

## II

The petitioner's next contention is that when he appeared before the Superior Court on October 21, 1965 and again

---

nature of the charge; and the instrument should be filed among the papers of the cause. The docket sheet and the judgment should also reflect the fact of the waiver and the name of the accused's counsel *at the precise time of the waiver." King* v. *State,* 473 S.W.2d at 52.

on November 8, 1965, neither the court nor his counsel advised him about the nature and consequences of a plea of nolo contendere. He cites the following cases: *Flint* v. *Sharkey,* 107 R. I. 530, 268 A.2d 714 (1970); *Bishop* v. *Langlois,* 106 R. I. 56, 256 A.2d 20 (1969); *Hall* v. *Langlois,* 105 R. I. 642, 254 A.2d 282 (1969); *Northrop* v. *Langlois,* 100 R. I. 349, 215 A.2d 926 (1966); *Harris* v. *Langlois,* 100 R. I. 196, 212 A.2d 715 (1965); *Cole* v. *Langlois,* 99 R. I. 138, 206 A.2d 216 (1965); *Lonardo* v. *Langlois,* 98 R. I. 493, 205 A.2d 19 (1964).

The state concedes that petitioner was not advised by the court of the nature and consequences of a plea of nolo, but argues that such failure was not fatal in this case. Under our decision in *Cole* v. *Langlois, supra,* petitioner was entitled " * * * to be fully apprised of the nature of the plea of guilty and the effect of such a plea on his right to a jury trial." We said in *Cole* at 141, 206 A.2d at 218, that

> " * * * such a plea will be vacated when it is shown to have been obtained from a defendant unaware and uninformed as to its nature and its effect as a waiver of his fundamental rights."

In *Cole,* we held that the petitioner had established (1) that the court, in accepting the plea of nolo contendere, did not in any manner seek to ascertain petitioner's knowledge concerning the plea or its consequences and (2) that petitioner was not adequately informed by counsel as to the nature of the plea or its effect as a plea of guilty. We then concluded that the entry of the plea in his behalf was not a voluntary and intelligent relinquishment by the petitioner of his right to a jury trial.

*Cole* was filed on January 13, 1965 and the plea in the case at bar was entered on October 21, 1965. In *Flint* v. *Sharkey, supra,* we said:

> "If a nolo or guilty plea was entered subsequent to *Cole,* such a plea may be vacated if the sentencing judge failed to ascertain if the accused knew of the effect of

his plea and failed to inform the accused with respect thereto if he did not, unless it can be shown that the accused was, at the time he pleaded, otherwise sufficiently informed as to the nature of his plea and the consequences thereof." 107 R. I. at 537, 268 A.2d at 718.

Since the plea in this case was entered subsequent to *Cole,* and since the sentencing judge failed to give him the *Cole* warnings, we look to see if petitioner was otherwise sufficiently informed of his rights. For this we look to the transcript of the February 12, 1971 hearing and to the decision of the trial justice who conducted that hearing. The attorney who represented petitioner on October 21, 1965, when he pleaded nolo contendere, appeared as a witness at the February 12, 1971 hearing. The other persons who testified were petitioner and his wife. His former attorney testified that he told petitioner at the time that " \* \* \* he had a perfect right to maintain that he was not guilty and to have a trial" and that "a plea of nolo \* \* \* [is] tantamount to actually pleading guilty."

After discussing petitioner's prior appearances in the criminal courts to answer criminal charges, the trial justice said:

"The petitioner frequently claimed under oath that he didn't recall what had happened. The petitioner has a good memory of other significant events in his life. His claim of not remembering or recalling what happened in the Superior Court does not ring true. The Court, after reflection, finds that defendant is not worthy of belief. The Court further finds that petitioner pleaded willingly and knowingly, waived his right to trial, and specifically that he knew his plea was the equivalent of a guilty plea and as a result of said plea he could be sentenced to jail."

We are satisfied that the trial justice's findings are supported by the evidence and petitioner was, at the time he pleaded, sufficiently informed as to the nature of his plea of nolo and the consequences thereof. He was apprised of

all he was entitled to at that time, namely, the rights articulated by this court in *Cole*.

## III

The petitioner next asserts that his constitutional rights were violated because he was not advised by the Superior Court or by his attorney as to the nature and consequences of a deferred sentence or of the deferred sentence agreement he was obligated to sign with the Attorney General's department. The petitioner cites *Wood* v. *United States*, 128 F.2d 265 (D.C. Cir. 1942). We have read this case but find that it is not in point. The petitioner makes a bold assertion without adequate supporting argument or supporting authority. A contention, like an exception, requires briefing and argument. *State* v. *Carufel*, 106 R. I. 739, 263 A.2d 686 (1970). This point is not properly briefed nor argued and will therefore be deemed to be waived.[5] *Clarke* v. *Sullivan*, 103 R. I. 177, 235 A.2d 668 (1967).

## IV

The petitioner, under point IV of his brief raises the question whether or not on October 1, 1970, the trial justice committed error in denying him a separate hearing before violating him for breach of the deferred sentence. This question is superfluous here. The state conceded in *Alessio* v. *Howard*, *supra*, that the petitioner had not been afforded the type of violation hearing required by *O'Neill* v. *Sharkey*, *supra*. For that reason we ordered an evidentiary hearing in *Alessio* on the issues raised therein. One of these issues was the question involving the alleged violation of petitioner's deferred sentence. A hearing on this issue was held on

---

[5]Although we refrain from passing on this question because of petitioner's failure to adequately brief and argue this point, we do point out that there is, in the transcript of the February 12, 1971 hearing, testimony by the attorney who represented petitioner at the arraignment that he did explain to petitioner the meaning and consequences of a deferred sentence agreement.

March 16, 1971, at which the state presented testimony on the allegation that petitioner had violated the terms of his deferred sentence agreement. It was the duty of the petitioner to explain away the state's claim that he had violated his deferred sentence agreement or run the risk of having his deferred sentence revoked. *Tillinghast* v. *Howard,* 109 R. I. 497, 502 , 287 A.2d 749, 752 (1972). The petitioner has failed to furnish this court with a transcript of that hearing as it was his duty to do under our decision in *O'Neill* v. *Sharkey,* 107 R. I. 524, 268 A.2d 720 (1970), in order to enable us to determine whether he had satisfactorily explained away the state's claim of violation. In the circumstances we cannot fault that hearing.

## V

The original violation hearing on October 1, 1970, when petitioner was originally sentenced to a term of five years for violating the terms of his deferred sentence, the February 12, 1971 hearing and the March 16, 1971 violation hearing were all conducted by the same Superior Court justice. At the oral arguments before us petitioner's counsel, for the first time, made the claim that the March 16, 1971 violation hearing should have been held before a different judge. The Attorney General stated that there is authority both ways.

At our request opposing counsel have furnished us with brief memoranda of law on this issue. We have examined the same but have come to the conclusion that on this record the matter is not properly before us and therefore refrain from making any determination on this issue.

The petition for habeas corpus is denied and dismissed, and the case is remitted to the Superior Court for further proceedings.

*John F. Lallo, John P. Toscano, Jr.,* for petitioner.

*Richard J. Israel,* Attorney General, *Donald P. Ryan,* Asst. Attorney General, for respondent.