Kevin **PEZZUCCO**

v.

**STATE.**

No. 94–299–C.A..

Supreme Court of Rhode Island.

Jan. 26, 1995.

John F. Cicciline, Providence, for plaintiff.

Jeffrey Pine, Atty. Gen., Andrea Mendes, Aaron L. Weisman, Asst. Attys. Gen., for defendant.

## OPINION

**PER CURIAM.**

This matter came before the Supreme Court on December 14, 1994, pursuant to an order directing the applicant to appear and show cause why the issues raised in this appeal should not be summarily decided. In this case the applicant appeals from the denial of his application for postconviction relief filed pursuant to G.L.1956 (1985 Reenactment) chapter 9.1 of title 10.

After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown. The issues will be summarily decided at this time.

In this case applicant had entered a plea of nolo contendere to three charges of delivering cocaine to an undercover police officer. He was sentenced on each count to a term of thirty years, with twenty years to serve and ten years suspended. The sentences were to run concurrently. The court also imposed a fine of $100,000.

The applicant first argues that his pleas were not entered knowingly and voluntarily. He concedes that the lower court complied with the requirements relating to guilty pleas consistent with the holdings in *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *Flint v. Sharkey,* 107 R.I. 530, 268 A.2d 714 (1970); *Bishop v. Langlois,* 106 R.I. 56, 256 A.2d 20 (1969). He contends, however, that the plea was not entered in accordance with *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and *Johnson v. Mullen,* 120 R.I. 701, 390 A.2d 909 (1978).

The transcript of the plea hearing shows that the following exchange took place:

"The Court: Have you informed Mr. Pezzucco that no promises or consideration whatsoever have been offered or given to you or to him in exchange for his plea?

"Mr. Kelley [*sic*]: [attorney for the defense] I made specific reference to that, Your Honor, on several occasions before we came to court today. Is that correct, Mr. Pezzucco?

"The defendant: Yes, it is."

At the hearing on postconviction relief, applicant maintained that, in spite of his answer, he was in fact made promises by his attorney. He maintains that he was told that a deal existed in which he would receive no more than three to ten years. He asserts that he answered the questions about any promises or other questions in the negative because his attorney told him to do so, and finally he maintained that his was a "secret deal" and that the questions in court were just a formality.

The transcript of the plea hearing on postconviction relief clearly shows that applicant was advised as to what rights he was giving up by entering his plea. The applicant also signed a form indicating what rights were being given up.

The issue as to secret agreements is one of credibility. The applicant's witnesses at the postconviction relief hearing were heard by the trial justice who specifically stated that the witnesses were not credible.

■ The applicant next argues that the trial justice who presided at the plea hearing and sentence hearing should not have presided over the postconviction relief hearing on the ground that the trial justice would have an undue interest in upholding his own rulings.

Superior Court Order No. 91–22(II)(D)(3) provides:

"Applications for post-conviction relief shall be assigned by the clerk to the formal and special cause calendar. The justice assigned to the calendar shall submit the application, as the case may be, for disposition by the justice who presided at the trial of the applicant."

■ The complaining party bears the burden of proving that the trial justice should have recused himself or herself due to an interest in the case. *Cavanagh v. Cavanagh*, 118 R.I. 608, 621, 375 A.2d 911, 917 (1977). The applicant has not met that burden in this case.

■ Finally, the applicant contends that the trial justice sought to reward him for cooperation with law enforcement authorities, but punished him for noncooperation. He alleges that the trial justice engaged in a prosecutorial function inappropriate for a judicial officer. The applicant makes no citations to the record to support this contention. The transcript of the sentencing hearing shows the trial justice's statement on this matter to have been:

"This defendant had an opportunity to show his good intention when this matter was first pretried. At that time, I indicated to his counsel, as did the state, that [if] he was willing to cooperate with the police and to name the source of the goods that he was selling, that would be taken into account * * *."

The court may consider failure of a defendant to cooperate with authorities as an appropriate factor in sentencing because it has a bearing on the trial justice's evaluation of the defendant's attitude toward society. *United States v. Miller*, 589 F.2d 1117 (1st Cir.1978).

For all of these reasons the applicant's appeal is denied and dismissed, the order appealed from is affirmed and the papers of the case are remanded to the Superior Court.