DECISION
Petitioner Angel Reyes is before this Court on his application for post-conviction relief pursuant to G.L. 1956 § 10-9.1-1. Mr. Reyes claims that the plea of nolo contendere he entered on August 14, 1998 did not comply with Rule 11 of the Superior Court Rules of Criminal Procedure.
 I Facts and Travel
On August 14, 1998, Mr. Reyes — through an interpreter and with the assistance of counsel — entered a plea of nolo contendere to delivery of a controlled substance and conspiracy to deliver a controlled substance in violation of Rhode Island General Laws. The trial justice, who heard and accepted Mr. Reyes' plea, sentenced him to a total of ten years with one year to serve and a nine year suspended sentence. On February 4, 2010, Mr. Reyes moved for post-conviction relief, contending that the trial court accepted his plea without first obtaining personal assurances that he understood the nature of the charges in accordance with Rule 11 of the Rhode Island Superior Court Rules of Criminal Procedure.
At the plea hearing for the delivery and conspiracy charges, Mr. Reyes and his attorney appeared before the court to withdraw his previous plea of not guilty and to plead nolo contendere. Given the fact-driven analysis mandated by the Rhode Island Supreme Court, this *Page 2 
Court will present the relevant portions of the plea colloquy to determine if Mr. Reyes entered the plea in compliance with Rule 11.
 "THE COURT: All right. The matter before the Court is P2/98-1854 charging this defendant with delivery of a controlled substance and one count of conspiracy to deliver a controlled substance. Representing the Defendant is?
 MR. STONE: Ian Stone. . . .
 THE COURT: And representing the State is?
 MS. VERONI: Stacey Veroni.
 * * *
 THE COURT: Miss Veroni is going to give me some facts. You listen. After you and I talk about the rights on this document, I'm going to ask you whether or not what she tells me is true.
 * * *
 MS. VERONI: Your Honor, Had this matter proceeded to trial, the State would have proved beyond a reasonable doubt that on March 31st, 1998, in Providence, this defendant agreed and conspired with Wayne Henning . . . his co-defendant, to deliver two bags of cocaine to an undercover police detective, and that on that same date, two bags of cocaine were delivered to an undercover police detective by Wayne Henning.
 THE COURT: By pleading to those two charges, Mr Reyes, for your purposes here this morning, you're pleading guilty. Do you understand?
 THE DEFENDANT: Yes.
 * * *
 THE COURT: Miss Veroni gave me the facts concerning the two charges. Is what she told me true?
 THE DEFENDANT: Who was that?
 THE COURT: Miss Veroni, would you please repeat briefly the facts?
 MS. VERONI: Yes, your Honor. The State would have proved beyond a reasonable doubt that on March 31st, 1998, in Providence, this defendant did agree and conspire with Wayne Henning to deliver two bags of cocaine to an undercover police officer of the Providence Police Department and that, with the defendant's participation, a delivery was made to a member of the Providence Police Department, two bags of cocaine, by Wayne Henning.
 THE COURT: Is that true, Mr. Reyes?
 THE DEFENDANT: Yes." *Page 3 
The State moves to dismiss Mr. Reyes' application for post-conviction relief because it fails to state a claim upon which relief may be granted. The State contends that Mr. Reyes has neglected to direct the Court's attention to the portion of the plea colloquy demonstrating that Mr. Reyes' failed to understand the nature of the charges against him. Mr. Reyes objects to the State's motion, focusing primarily on the court's alleged failure to have the elements of the charges explained to him. While acknowledging that the facts of this case are not in dispute, Mr. Reyes avers that the court did not obtain personal assurances that he understood the nature of the charges before accepting his plea.
 II Analysis
Pursuant to Rule 11's mandate, the court must conduct "an on-the-record examination of the defendant before accepting [the] plea [in order] to determine if the plea is being made voluntarily with an understanding of the nature of the charge and the consequences of the plea." Moniz v. State,933 A.2d 691, 695 (R.I. 2007) (quoting State v. Frazar,822 A.2d 931, 935 (R.I. 2003) (per curiam)). "Although Rule 11 does not specify the extent or content of the colloquy, the record and the circumstances in their totality must demonstrate to a reviewing court that the defendant's plea was voluntary and intelligent."Id. (citing State v. Feng,421 A.2d 1258, 1267 (R.I. 1980)). Upon an application for post-conviction relief based on a claim that Rule 11 was not satisfied, a petitioner "bear[s] the burden of proving by a preponderance of the evidence that [he] did not intelligently and understandingly waive [his] rights." State v. Gigueroa,639 A.2d 495, 498 (R.I. 1994). Although Rule 11 was adopted "to safeguard the rights of criminal defendants who plead guilty or nolo contendere; it did not intend that the rule serve as a trap for those justices who fail to enumerate each fact relied on to accept such a plea." Frazar, 822 A.2d at 936 (quoting Feng,421 A.2d at 1269). The United States Supreme Court has advised that a *Page 4 
"ritualistic litany of the formal legal elements" of an offense is not required. Henderson v. Morgan,426 U.S. 637, 644-45 (1976). Our own Supreme Court has said the following:
 "As we read Henderson, it requires only that at the conclusion of the plea hearing, the trial justice should be able to say with assurance that the accused is fully aware of the nature of the charge and the consequences of the plea.
 That objective may be attained by:
 (1) an explanation of the essential elements by the judge at the guilty plea hearing;
 (2) a representation that counsel had explained to the defendant the elements he admits by his plea
 (3) defendant's statements admitting to facts constituting the unexplained element or stipulations to such facts." State v. Williams, 122 R.I. 32, 41, 404 A.2d 814, 819 (1979) (internal quotations omitted).
Rule 11's mandate "can be satisfied if the record of the . . . proceeding on its face discloses, despite the trial court's failure sufficiently to make the required explanation of the charges, that the defendant understood them." Id.
(internal quotation omitted).
Here, the application for post-conviction relief is based on the assertion that the court did not obtain personal assurances from Mr. Reyes that he understood the nature of the charges as required by Rule 11. However, having reviewed the record, the Court is satisfied that the trial justice's colloquy was thorough, and that the plea of nolo contendere was properly entered.
At the outset of the plea colloquy, the trial justice indicated that Mr. Reyes was being charged "with delivery of a controlled substance and one count of conspiracy." Later, the justice indicated that the State would recite some facts, and that Mr. Reyes would be asked whether those facts are true. In the first such recitation of facts, the State said that:
 ". . . on March 31st, 1998, in Providence, this defendant agreed and conspired with Wayne Henning . . . his co-defendant, to deliver two bags of cocaine to an undercover police detective, and that on that same date, two bags of cocaine were delivered to an undercover police detective by Wayne Henning." *Page 5 
Mr. Reyes then responded in the affirmative after the justice said, "by pleading to these charges, Mr. Reyes, for your purposes here this morning, you're pleading guilty. Do you understand?" Shortly thereafter, the State again explained that:
 ". . . on March 31st, 1998, in Providence, this defendant did agree and conspire with Wayne Henning to deliver two bags of cocaine to an undercover police officer of the Providence Police Department and that, with the defendant's participation, a delivery was made to a member of the Providence Police Department, two bags of cocaine, by Wayne Henning."
When asked if these facts were true, Mr. Reyes responded, "yes." Later, the justice indicated that "The Court . . . finds the plea is made voluntarily, intelligently, with full knowledge and understanding of the consequences."
The "trial justice should be able to say with assurance that the accused is fully aware of the nature of the charge before accepting a plea." Williams, 122 R.I. at 41, 404 A.2d at 819. Our Supreme Court has recognized a trial justice may obtain such an assurance through "defendant's statements admitting to facts constituting the unexplained element or stipulations to such facts."Id. The record reveals that specific facts were mentioned twice during the plea colloquy. The State asserted that Mr. Reyes agreed with his co-defendant to deliver two bags of cocaine to an officer, and the co-defendant made the delivery with Mr. Reyes' participation. When asked if these facts were true, Mr. Reyes answered in the affirmative. In comparing this to the recent Rhode Island case of Moniz v. State, supra, it is evident that the factual stipulation is sufficient to meet Rule 11's requirement that a defendant understand the nature of the charge. InMoniz, the prosecutor stated "the State would prove that on November 30, 1996 in Bristol that [defendant] did unlawfully possess with an intent to deliver a controlled substance; that substance being marijuana." 933 A.2d at 696. The defendant then indicated that he was in substantial agreement with that statement.See id. Our Supreme Court decided the defendant's *Page 6 
plea was voluntary and intelligent. Similarly here, this Court finds that "the record and the circumstances in their totality . . . demonstrate . . . that the defendant's plea was voluntary and intelligent."Id. at 695 (citing Feng, 421 A.2d at 1267).
By admitting to facts containing the elements of the charges against him, it is clear that Mr. Reyes was aware of the nature of those charges.[1] See Williams,122 R.I. at 41, 404 A.2d at 819. A "ritualistic litany of the formal legal elements" of an offense is not required. Henderson,426 U.S. at 644-45 (1976). The statements which Mr. Reyes agreed to, alerted him of the underlying facts of the charges to which he was pleading. Mr. Reyes argues that the justice was required to explain the charges to him. However, on a number of occasions, our Supreme Court has stated that "If a nolo or guilty plea was entered . . ., such a plea may be vacated if the sentencing judge failed to ascertain if the accused knew of the effect of his plea and failed to inform the accused with respect thereto if he did not, unless it can be shown that the accused was, at the time he pleaded, otherwise sufficiently informed as to the nature of his plea and the consequences thereof." Alessio v. Howard,110 R.I. 478, 484-5, 293 A.2d 919, 922 (R.I. 1972) (emphasis added) (quoting Flint v. Sharkey,107 R.I. 530, 537, 268 A.2d 714, 718 (R.I. 1970). Seealso Bishop v. Langlois,106 R.I. 56, 59, 256 A.2d 20, 21-22 (R.I. 1969) ("the obligation of the court . . . is to ascertain whether petitioner knew of the effect of the plea and to inform him with respect thereto if he did not." (internal quotation omitted)). Therefore, a justice is required to explain the nature of the charges to an accused only when that defendant does not already understand. SeeWilliams, 122 R.I. at 41, 404 A.2d at 819 (Rule 11's mandate "can be satisfied if the record of the . . . proceeding on its face discloses, despite the trial court's failure sufficiently to make the required explanation of the charges, that the defendant understood *Page 7 
them." (internal quotation omitted)).[2] Here, Mr. Reyes admitted to the underlying facts and elements of the charges against him, and the trial justice ascertained that he was aware of the nature of those charges. Thus, Mr. Reyes entered a plea of nolo contendere with an understanding of the nature of the charges against him, and the trial justice appropriately obtained personal assurances of that understanding. Accordingly, this Court denies Mr. Reyes' application for post-conviction relief.
Laches is an appropriate defense in a post-conviction relief action.[3] In the case at bar, Mr. Reyes waited over eleven years to contest a plea. The ten year sentence, with one year to serve, had expired — — has already run. Mr. Reyes pled to a crime which occurred on March 31, 1998 — almost 12 years before he filed this action. It seems that Mr. Reyes' alleged inability to comprehend the charges at the time of the plea would have been an immediate concern for him or his counsel in 1998, and could have been raised seasonably. It also seems that waiting ten years may hamper the State in establishing a conspiracy or delivery charge now. However, as the State did not raise the defense of laches, the Court will not base its ruling on the issue. *Page 8 
 III Conclusion
After reviewing the record, the Court finds that the Mr. Reyes' nolo contendere plea was entered in compliance with Rule 11. Consequently, the Petitioner's application for post-conviction relief is denied.
[1] Of course, Mr. Reyes also signed a plea form which clearly delineated the two counts, and the sentences for each count.
[2] As all doubts must be considered in favor of the non-moving party on a motion to dismiss, Mr. Reyes could have simply asserted an element that was never explained. He never did so. In fact, he concurred that there were no issues of fact relative to this motion.
[3] The Court held in Araujo v. State, P.M. No. 09-0004, February 12, 2010, 2010 WL 581512:
 The Rhode Island Supreme Court recently determined-citing to other appellate courts that have held accordingly-that the doctrine of laches can apply to an application for post-conviction relief. Raso v. Wall, 884 A.2d 391, 394 (R.I. 2005) (construing § 10-9.1-3 language that application may be filed at any time to mean any reasonable time). See also Baxter v. State, 636 N.E.2d 151, 152-53 (Ind. Ct. App. 1994) (determining defendant should have brought post-conviction application within reasonable time of-rather than seven years after-learning of its availability twenty-seven years after his conviction). This Court will grant the laches defense if the State proves beyond a preponderance of the evidence that "the applicant unreasonably delayed in seeking relief and that the state is prejudiced by the delay." Id. at 396. The two requirements of laches are therefore "negligence to assert a known right, seasonably coupled with prejudice to an adverse party." Rodriques v. Santos, 466 A.2d 306, 311 (R.I. 1983). See also Rampal v. Rhode Island, P.M. No. 08-1394, April 30, 2010.